In the Matter of the Last Will and Testament of MICHAEL SCOLPINO, Deceased.
FRANCES S. ANDRIOLA and Others, Appellants; MARY B. SCOLPINO and Another, Respondents.*

Second Department, March 6, 1931.

*Bart T. Manfredi* [*Jerome L. Adler* with him on the brief], for the appellants.

*Theodore K. Schaefer* for the respondent Mary B. Scolpino.

* Affg. 137 Misc. 58.

CARSWELL, J. The surrogate has held that the will of Michael Scolpino, made July 13, 1923, was revoked as to his widow, Mary, by reason of his marriage to her on February 20, 1927. This holding was based on section 35 of the Decedent Estate Law. The view taken was that a bequest to "Mary Bertavelli" of $1,000 did not constitute a "provision" for the widow as such, within the exception in the statute saving a will from revocation because of a testator' marriage subsequent to the making of a will.

When the testator made his will on July 13, 1923, the widow he left surviving at his death on March 2, 1930, was the wife of Dominick Bertavelli. That accounts for the bequest to her in the 2d paragraph of the will as "Mary Bertavelli." Her then husband, Dominick, died June 23, 1925, two years after the will was made by Michael Scolpino. She remained Dominick's widow for about two years, until February 20, 1927, when, about four years after the will was made, she married the testator.

The appellants insist that, under these circumstances, the bequest tos" Mary Bertavelli " was a provision made by the testator for his wife within the meaning of section 35 of the Decedent Estate Law.

The widow asserts that these facts and the language of the will compel a rejection of such a claim, that the conclusion is inescapable that the will made no provision for her as widow, and, therefore, the exception in the statute does not save the will from revocation.

The respondent's view is, in my opinion, the only sound one. The fact that she was another's wife on July 13, 1923, and for two years thereafter, and was the widow of that other man for two more years, repels the conclusion that the bequest by the testator to "Mary Bertavelli " was to her in the prospective status of wife of the testator.

In applying section 35 to the facts herein, its history is important. It embodies the common-law rule that marriage revokes a testator's will (1 Jarm. Wills [7th Eng. ed.] 129, 130; *Marston* v. *Roe*, 8 Ad. & E. 14 [decided 1838]; *Israell* v. *Rodon*, 2 Moore's Privy Council Cases, 51, at p. 65 [decided 1830]), and, in its exceptions it incorporates part of the doctrine of the ecclesiastical courts. They took their doctrine, as did the common-law courts in a limited form, from the civil law, but in doing so they permitted proof to rebut the presumption of revocation arising from marriage to a testator, to enable the will to stand despite subsequent marriage of the testator, allowing proof of facts posterior to the execution of the will to that end. (*Brush* v. *Wilkins*, 4 Johns. Ch. 506.)

The exceptions in the statute, however, narrow the doctrine of the ecclesiastical courts. The statute limits the scope of proof to rebut the presumption of revocation.

The presumption of revocation had its origin in the doctrine that a tacit condition annexed itself to the will at the time of the making, that it should not have effect if the testator subsequently married and left surviving a child. This doctrine, with the child survivorship element eliminated in 1919, is given effect in the first part of section 35.

In the form applicable herein, section 35 reads:

" § 35. Revocation by marriage. If after making any will, such testator *marries*, and the *husband or* wife, or *any* issue of such marriage, *survives the* testator, such will shall be deemed revoked *as to them*, unless provision shall have been made for *them* by some settlement, or *they* shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; *and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made.* No evidence to rebut *such* presumption of revocation shall be received, *except as herein provided.*"

Section 35 was amended by chapter 293 of the Laws of 1919. The language italicized above was then inserted. The cases prior to 1919 concern different language.

The effect upon a widow of section 35 under the cases may be summarized. When a testator marries after making a will, it is revoked unless the manner of reference to the individual named as legatee is such as fairly to warrant the view that the reference or bequest to her is in her prospective or new status of wife. If the reference to her is in a different status, then the provision for her does not save the will from revocation. (*Matter of Gall*, 57 Hun, 591; affd., 131 N. Y. 593; *Matter of Reilly*, 130 Misc. 320.) If the reference to her is by her maiden name but the period of time between the making of the will and the marriage of the parties is short and the provision in the will is of such a character as to indicate that it was made by the testator with the change of status in mind, then the provision in the will may be construed to have been made in contemplation of the new status, and the presumption of revocation is overthrown. Such a provision is construed to be an ante-nuptial bequest. (*Matter of Gaffken*, 197 App. Div. 257; affd., 233 N. Y. 688.) If the language of the will is of such a character as to be fairly construed as indicating that the testator, with the prospective status in mind, made the provision for the individuals concerned in their prospective status, even though there be a considerable lapse of time between the making of the will and the remarriage of the testator, such language

so construed overthrows the presumption. (*Matter of Lally,* 136 App. Div. 781; affd., 198 N. Y. 608.)

Thus viewed, the decisions in the various cases are consistent although, when superficially examined, they seem to be at variance. This view also reconciles the decision of the surrogate herein with the self-same cases.

It must, therefore, be held that the bequest by the testator to " Mary Bertavelli " on July 13, 1923, at a time when she was the wife of Dominick Bertavelli, was a bequest to her in her status of a mere friend at a time and under such circumstances as preclude its being held that it was made in prospect of her becoming the wife of the testator on February 20, 1927, following the death of Dominick, her first husband, on June 23, 1925. The language of the will thus construed contained no " provision " for the widow of the testator as such, and the marriage of the testator subsequent to the making of the will effected a revocation so far as the widow was concerned.

The stipulation with respect to certain facts is received on this appeal under section 309 of the Surrogate's Court Act, to remedy the inadvertence in taking proof of them in the Surrogate's Court. The objections thereto by the appellants are overruled, with exceptions to appellants.

Accordingly, the decree of the Surrogate's Court of Putnam county should be affirmed, with costs to the respondents, payable out of the estate.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ.

Decree of the Surrogate's Court of Putnam county unanimously affirmed, with costs to the respondents, payable out of the estate.