In the Matter of the Estate of MORRIS NEUFELD, Deceased.

Surrogate's Court, Kings County, November 11, 1932.

*David Blitzer,* for the petitioner.

*Norman J. Steinberg,* for the contestant.

*Bernard J. Mattuck,* for H., J. and S. Neufeld.

WINGATE, S.   It appears from the testimony adduced hereon that the first wife of the decedent, to whom he had been married for about fifty-five years, died in April, 1930.   At some time during the ensuing June, decedent, who was then seventy-six years old, became acquainted with the contestant, who was then approximately fifty-six years of age, and who had been widowed some seven years prior. Almost immediately consequent upon their meeting, decedent became a consistent visitor at contestant's home, calling at least three times weekly until their marriage on August 26, 1930.   On January 4, 1932, decedent died at the age of seventy-eight years, survived by his widow, the present contestant, and seven adult children.   The value of his estate is conceded in this proceeding to be $14,000.

On August 18, 1930, eight days prior to his marriage to contestant, decedent executed the will which has been admitted to probate herein, the second dispositive paragraph of which reads as follows: " I hereby give, devise and bequeath to Zlotta Holzberg the sum of one thousand ($1,000) Dollars."

The will makes no other mention of nor provision for the contestant, nor has provision for her by settlement been established.   In this proceeding she invokes in her behalf section 35 of the Decedent Estate Law, which section at the time of decedent's death read as follows:

" § 35. Revocation by marriage.   If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked as to them, unless provision shall have been made for them by some settlement, or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made.   Such husband or wife or issue of any such marriage shall be entitled to such share or portion of the estate from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will.   No evidence to rebut such presumption of revocation shall be received, except as herein provided."

The Appellate Division in this Department has recently considered the cases interpretive of this section and has concisely summarized the pertinent principles in *Matter of Scolpino* (231 App. Div. 690).   The wording of the statute which the court there had under review was identical with that now before this court, excepting only the sentence subsequently added by chapter 562 of

the Laws of 1931, which in no wise relates to the problem here involved. The rules enunciated in that decision were numbered and divided into paragraphs by Surrogate FOLEY in *Matter of De Coppet* (142 Misc. 816) as follows (at p. 818):

" (1) When a testator marries after making a will, it is revoked unless the manner of reference to the individual named as legatee is such as fairly to warrant the view that the reference or bequest to her is in her prospective or new status of wife.

" (2) If the reference to her is in a different status, then the provision for her does not save the will from revocation. (*Matter of Gall*, 57 Hun, 591; affd., 131 N. Y. 593; *Matter of Reilly*, 130 Misc. 320; *Matter of Bent*, 142 id. 811.)

" (3) If the reference to her is by her maiden name, but the period of time between the making of the will and the marriage of the parties is short, and the provision in the will is of such a character as to indicate that it was made by the testator with the change of status in mind, then the provision in the will may be construed to have been made in contemplation of the new status, and the presumption of revocation is overthrown. Such a provision is construed to be an antenuptial bequest. (*Matter of Gaffken*, 197 App. Div. 257; affd., 233 N. Y. 688.)

" (4) If the language of the will is of such a character as to be fairly construed as indicating that the testator, with the prospective status in mind, made the provision for the individual considered in his or her prospective status, even though there be a considerable lapse of time between the making of the will and the marriage of the testator, such language so construed overthrows the presumption. (*Matter of Lally*, 136 App. Div. 781; affd., 198 N. Y. 608.) "

Although the reference to the contestant in this will is by her maiden name, the period of time between the making of the will and the marriage of the parties is so short (eight days) as to bring the proceeding within the third above-numbered rule. (*Matter of Gaffken*, 197 App. Div. 257; affd., 233 N. Y. 688; *Matter of De Coppet, supra*.) That being so, there then remains the question whether the provision in the will in favor of the contestant is of such a character as to indicate that it was made by the decedent with the change of status in mind.

Several considerations are competent in this connection. When the size of the bequest to the contestant is considered in relation to the total assets of the estate (*Matter of Del Genovese*, 169 App. Div. 140; *Matter of De Coppet, supra*), it is apparent that such bequest is substantial.

That it was so considered by the decedent is evident from an exami-

nation of the general testamentary scheme, including several general legacies and the residue divided equally among four of the decedent's adult children (the eldest fifty-two years of age at the time of the execution of the will, and the youngest thirty-five), between whom and decedent there existed apparently the natural bonds of affection. Further, testimony was adduced upon the hearing to the effect that at the time of the execution of the will, the decedent and contestant actually contemplated matrimony. While the court does not base its decision entirely upon such testimony, it is of the opinion that upon all of the circumstances of the proceeding and the testimony adduced hereon, the presumption of revocation raised by section 35 of the Decedent Estate Law has been overcome, and that, as to the contestant, the present will has not been revoked. (*Matter of Scolpino, supra; Matter of De Coppet, supra.*)

Proceed accordingly.