In the Matter of the Judicial Settlement of the Account of JACOB GROSS, as Executor, etc., of SARAH SNOPEK, Also Known as SARAH STEUER, Deceased.*

NATHAN SNOPEK, Objectant, Appellant; JACOB GROSS, as Executor, etc., of SARAH SNOPEK, Deceased, and Others, Respondents.

First Department, January 15, 1937.

* Modfg. and affg. 149 Misc. 665.

*Oscar Levine,* for the objectant, appellant.

*Nat C. Helman,* for the accountant, respondent.

*Seymour Mork,* special guardian for the infants, respondents.

*Sol D. Levy,* for the Consul General, who appears for Rachel Seigelman, Jonas Weiss, David Weiss, Morris Weiss, Nathan Moskowitz, as trustees of the Synagogue of Barrak Sharret.

O'MALLEY, J. This is a proceeding to judicially settle the account of Jacob Gross, as executor of the will of Sarah Snopek. The will was executed by the testatrix under her maiden name of Sarah Steuer, on November 14, 1927, prior to her marriage to the objectant, Nathan Snopek, which occurred on March 14, 1928.

Nathan Snopek objects to the settlement of the account, asserting that as to him the will was revoked by virtue of section 35 of the Decedent Estate Law and that he is in the circumstances entitled to the entire proceeds of the estate, amounting to something less than $10,000.

Concededly, section 35 (*supra*), as in effect on October 23, 1931, at the time of the death of the testatrix, applies. The section provides: " Revocation by marriage. If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked as to them, *unless provision shall have been made for them by some settlement,* or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would

have been, if such will had not been made. Such husband or wife or issue of any such marriage shall be entitled to such share or portion of the estate from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will. *No evidence to rebut such presumption of revocation shall be received, except as herein provided.*" (Italics ours.)

Concededly the will made no provision for the objectant, nor was he in any way mentioned therein so as to indicate an intention not to provide for him.

It is the contention of the respondent executor, however, that there was no revocation of the will as to the objectant, for the reason that on September 10, 1928, six months after the marriage, the testatrix substituted the objectant as beneficiary under a policy of life insurance in the sum of $5,000. It is asserted, and the surrogate so held, that this designation constituted " some settlement " within the meaning of the statute.

The appellant urges that the settlement referred to means antenuptial settlement; and further, that if the designation as beneficiary in the policy may be deemed " some settlement " under the statute, the surrogate committed reversible error in excluding evidence offered by him to show that at about the same time the testator changed the beneficiary in the policy on her life, he took out a policy in the sum of $4,000 on his life, in her favor. It is urged that this evidence was competent and material and should have been received to refute the claim of the respondent that there was an intention on the part of the testatrix to provide " some settlement " by the change of beneficiary in her policy.

We are of the opinion that the evidence was competent and should have been received. The statute here applicable, so far as material, provides that a subsequent marriage effects a revocation unless a provision for the surviving spouse had been made by some settlement. As the statute creates a presumption of revocation, the burden to show non-revocation would seem to rest upon those asserting it. The change of beneficiary would not in itself, constitute conclusive evidence in this respect. Such act might have been the result of an agreement or the normal and usual act of a spouse. Moreover, it is to be noted that the wife still retained the right to again change the beneficiary in the policy.

However, in our view the exclusion of this evidence, while erroneous, does not necessarily require a new trial. Under the statute the " settlement " has been held to mean an antenuptial settlement. (*Matter of Bent*, 142 Misc. 811; *Matter of Reilly*, 130 id. 320, 322.)

That the Legislature intended an antenuptial agreement finds support in the amendment to the statute (Laws of 1932, chap. 459). As amended, the section reads as follows:

" Revocation by marriage. If after making any will, such testator marries, and the husband or wife survives the testator, such will shall be deemed revoked as to such survivor, unless provision shall have been made for such survivor *by an antenuptial agreement in writing;* and such surviving husband or wife shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as he or she would have been, if such will had not been made. Such husband or wife shall be entitled to such share or portion of the estate from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will. No evidence to rebut such presumption of revocation shall be received, except to show the existence of such antenuptial agreement. This section as amended shall apply only to wills executed prior to September first, nineteen hundred thirty; and wills executed after such date shall not be affected in any way by the provisions of this section as heretofore contained herein or as amended." (Italics ours.)

The revisers' notes as set forth in the brief of appellant's counsel seem to indicate that they thought they were carrying over into the amended statute a prior requirement that the " settlement " should be by antenuptial agreement.

For the purposes of our decision, however, we hold that in the circumstances here disclosed, the change of beneficiary was insufficient proof to rebut the presumption of revocation.

It follows, therefore, that the decree of the surrogate so far as appealed from should be modified by allowing the claim of the objectant on the ground that as to him the will had been revoked by the subsequent marriage of the testatrix, and as so modified affirmed, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion.

MARTIN, P. J., McAVOY, UNTERMYER and COHN, JJ., concur.

Decree so far as appealed from unanimously modified by allowing the claim of Nathan Snopek, and as so modified affirmed, with costs to the appellant payable out of the estate, and proceeding remitted to the surrogate of the county of Bronx for further action in accordance with opinion.