[No. 32792. Department One. July 22, 1954.]

*In the Matter of the Estate of* GEORGE E. STEELE, *Deceased.* GLADYS MAINELLA, *Appellant,* v. BETTY ANN STEELE, *as Administratrix, Respondent.*[1]

[1]Reported in 273 P. (2d) 235.

*Clarke, Stone & Hoover* and *Rosellini & Casey,* for appellant.

*John E. Prim,* for respondent.

HAMLEY, J.—This is an appeal from an order denying a petition for the probate of a will. The petition was denied on the ground that the will had been revoked by the testator's subsequent marriage.

The facts are not in dispute. For about two years prior to March 18, 1948, George E. Steele was engaged to be married to Betty Ann Bergman. On that date, he executed the will in question. In it, he made no mention of Betty Ann Bergman other than as contained in the following dispositive clauses:

"All of my estate, of whatever name or character, both legal and equitable estates, whether real, personal or mixed property, and wheresoever situated, of which I may die possessed or to which I may be entitled, I give, devise and bequeath to my brother, AARON B. STEELE . . .

"In the event that my said brother predeceases me, then I do give my said entire residue estate to BETTY ANN BERGMAN, of Seattle, Washington, to have and to hold the same to herself and her heirs forever."

Five months after execution of the will, on August 12, 1948, Steele and Miss Bergman were married. They separated in 1951, and on September 9, 1952, he commenced an action for divorce. A property settlement agreement was executed on December 11, 1952, under which Mrs. Steele was to receive seven hundred dollars and her personal effects. Mr. Steele died on December 17, 1952, which was one day prior to the day scheduled for the hearing on the default divorce action. The brother mentioned in his will survived him.

Mrs. Steele petitioned for and was granted letters of administration on his estate, which had assets in excess of forty thousand dollars. Aaron B. Steele, who had been nominated as executor under the will, waived his right to be appointed executor. The alternate executrix named in the will, Mrs. Gladys Mainella Lanning, then petitioned

to have the will admitted to probate. Mrs. Steele answered the petition and prayed for its dismissal, contending that the will had been revoked by Steele's subsequent marriage. The trial court sustained this contention.

■ The effect on a will of marriage subsequent to the making of the will is governed by statute in this state. RCW 11.12.050 [cf. Rem. Rev. Stat., § 1399] provides:

"If, after making any will, the testator or testatrix marries and the wife, or husband, is living at the time of the death of the testator or testatrix, such will shall be deemed revoked, unless provision has been made for the survivor by marriage settlement, or unless such survivor is provided for in the will or in such way mentioned therein as to show an intention not to make such provision, and no other evidence to rebut the presumption of revocation shall be received. A divorce, subsequent to the making of a will, shall revoke the will as to the divorced spouse."

There was no marriage settlement here. Under the above-quoted statute, therefore, the will was revoked, unless Mrs. Steele "is provided for in the will or in such way mentioned therein as to show an intention not to make such provision."

Respondent contends that Mrs. Steele was not provided for in the will, because the gift to her was contingent upon the death of Aaron B. Steele before the testator, and, since Aaron B. Steele survived the testator, the contingency failed. In support of this view, respondent cites a number of cases dealing with the revocation of a will as to a pre-termitted child, pursuant to RCW 11.12.090, Rem. Rev. Stat., § 1402. See *Bower v. Bower,* 5 Wash. 225, 31 Pac. 598; *Purdy v. Davis,* 13 Wash. 164, 42 Pac. 520; *In re Bauer's Estate,* 5 Wn. (2d) 165, 105 P. (2d) 11; and *In re Ridgway's Estate,* 33 Wn. (2d) 249, 205 P. (2d) 360.

The cited cases have construed the words "provided for," as used in the last-noted statute, to mean some beneficial provision which vests directly and absolutely in the child and becomes legally available.

In the view which we take of this case, it is unnecessary to decide whether respondent is correct in putting this

interpretation upon the words "provided for," as used in RCW 11.12.050.

■ Mrs. Steele was mentioned (by her maiden name) in the dispositive clause of the will. The testator therefore did not overlook her. He intended to give her just what the terms of the will give her. His intention is to be determined as of the time of execution of the will. *Peiffer v. Old Nat. Bank & Union Trust Co.,* 166 Wash. 1, 6 P. (2d) 386.

If it is said that she was not therein provided for, then this must be because the will shows an intention not to provide for her. On the other hand, if it is said that he did not mention her in such way as to show an intention not to make provision for her, then this must be because the will shows an intention to provide for her. Since either of the alternatives negatives statutory revocation under RCW 11.12.050, it follows that the will was not revoked.

■ The sole purpose of the statute is to guard against unintentional disherison of the surviving consort. *Koontz v. Koontz,* 83 Wash. 180, 145 Pac. 201. Unintentional disherison is here negatived by the naming of Mrs. Steele in the distributive clause of the will.

■ The fact that the will does not reveal that it was made in contemplation of marriage to Mrs. Steele is of no moment. This is not required in order to avoid statutory revocation. *In re Adler's Estate,* 52 Wash. 539, 100 Pac. 1019; *In re Hall's Estate,* 159 Wash. 236, 292 Pac. 401.

The judgment is reversed, with direction to admit the will to probate.

GRADY, C. J., MALLERY, FINLEY, and OLSON, JJ., concur.

---

September 21, 1954. Petition for rehearing denied.