[Civ. No. 23372. Second Dist., Div. Two. Nov. 24, 1958.]

Estate of ELIZABETH M. BRIDLER, Deceased. WALTER L. BRIDLER, Appellant, v. MARION JONES MITCH-ELL et al., Respondents.

Douglas M. Forbes for Appellant.

Fogel, McInerny & Taft, Moe M. Fogel, Cornelius W. McInerny, Jr., and William J. Taft for Respondents.

HERNDON, J.—This is an appeal by Walter L. Bridler, individually and as executor, from a judgment determining interests in the estate of his deceased wife, and denying to appellant the one-half interest in the estate to which he lays claim under the provisions of section 70 of the Probate Code.

The facts are not in dispute: On August 11, 1952, decedent, Elizabeth Mitchell Bridler, executed her will. Seven days later she married appellant. The pertinent provisions of her will read as follows: "SECOND: I declare that I am a single woman and I contemplate marriage with WALTER L. BRIDLER, and I give, devise and bequeath to said WALTER L. BRIDLER, should he survive me, all articles of personal domestic or household use or ornament including jewelry and similar articles, all of my furniture, books, pictures, plates, provisions, consumable stores and all household effects of every kind and all automobiles and motor vehicles and accessories thereto which I may own at the date of my death, and the sum of One Hundred Dollars ($100.00). Should said Walter L. Bridler not survive me, this gift shall lapse and the properties become a part of the residue of my estate. This gift is to be delivered free of estate and inheritance taxes." The will gave the remainder of decedent's estate in equal shares to decedent's brother, sister, and sister-in-law, respondents here. In the last paragraph of the will appellant was nominated as executor.

Decedent died on November 18, 1955, appellant surviving her. The will was admitted to probate, and appellant qualified as executor. On March 6, 1957, he instituted proceedings pursuant to section 1080 et seq., of the Probate Code seeking a determination that the will was revoked as to him under section 70 of the Probate Code.*

---

*Prob. Code, § 70: "If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received."

A trial upon stipulated facts culminated in a determination by the trial court that appellant was provided for in the will and therefore that there was no statutory revocation. The parties stipulated that the property bequeathed to appellant was appraised at more than $4,000 and amounts to less than 3 per cent of the appraised value of the decedent's estate. Appellant contends that as a surviving spouse he was not "provided for in the will" within the meaning of Probate Code section 70 by the gift to him of the described personalty and cash, which he calls a *"nominal bequest."*

■ Appellant's argument must be rejected. The clearly expressed indication on the face of the will of decedent's contemplation of marriage to appellant, coupled with the bequests made to him, fully meets the requirements of *Estate of Poisl,* 44 Cal.2d 147, 148-150 [280 P.2d 789], and *Estate of Axcelrod,* 23 Cal.2d 761, 767 [147 P.2d 1], so as to prevent revocation of the will by the marriage subsequent to its execution. (See generally 32 Cal.L.Rev., 213, 221.)

■ The determinative fact is not the *size* of the gift to the contemplated spouse but the fact that the testator has made a *provision* affirmatively showing that he had the particular person in mind *as a contemplated spouse.* ■ "[A]lthough a testator need not make provision for such a spouse, he is required to bear in mind the possibility of a subsequent marriage and the serious changes in domestic relations resulting therefrom." *(Estate of Poisl, supra,* at 149; *Estate of Duke,* 41 Cal.2d 509, 513 [261 P.2d 235].) "Freedom if left, however, for the person who, *having the intended spouse in mind,* desires by will or marriage contract executed before the wedding, to make 'provision for the spouse' . . ." *(Estate of Axcelrod, supra,* 23 Cal.2d 761, 767.)

■ Appellant argues, in effect, that in order to avoid a statutory revocation under section 70 a testator must either (1) express an intention to make *no provision whatsoever* for the contemplated spouse, or (2) make an *adequate* provision for such spouse. In other words, he asks us to read into the statute a requirement that is not expressed therein. We think the judicial legislation which appellant advocates would be as unreasonable as it would be unwarranted. It is perhaps significant that appellant has not suggested any standard or test by which the adequacy of such testamentary provisions should be determined.

■ The considerations of policy underlying sections 70 and 90 of the Probate Code are essentially the same, and it

is well settled that a nominal bequest satisfies the requirements of section 90 so as to preclude a child from taking as a pretermitted heir. (*Van Strien* v. *Jones,* 46 Cal.2d 705, 707 [299 P.2d 1] ; *Estate of Fernstrom,* 157 Cal.App.2d 380, 383 [321 P.2d 25].) In *Estate of Kurtz,* 190 Cal. 146 [210 P. 959], the court was called upon to apply the statutory predecessor to section 70 and it was held that a surviving wife was "provided for" by a nominal bequest of $1.00 in a disinheriting clause. (See *Estate of Axcelrod, supra,* 23 Cal.2d 761, 764-766.) ▇ Obviously the bequests made in favor of appellant in the case at bar are more than "nominal" in the proper sense of the term as here employed.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.