FANNER, Judge.
Petitioner-appellee, Helen Beaver Stein-ert, instituted a proceeding in the county judge’s court, seeking construction of the will of George F. Steinert as to her rights under that instrument. She asserted her status as surviving pretermitted spouse of the deceased and alleged that she was entitled to distribution of the estate as if the deceased had died intestate, or distribution as his sole surviving heir-at-law. The probate court, after hearing, entered the order appealed from, adjudging that the petitioner, as the surviving pretermitted spouse, was the sole distributee of the estate and that she should receive that portion of it which she would have received had her husband died intestate.
The will in question, dated February 9, 1955, was admitted to probate November 18, 1959, and petitioner was appointed as Administratrix Cum Testamento Annexo on January 29, 1960. At the hearing, she was the only witness to appear before the court. The estate was valued at approximately $114,000.00. There were no lineal •descendants, the only blood relative of deceased being a sister.
Testator, in the will, directed that he be interred near the remains “of my beloved wife, Cecile M. Steinert,” with terms of endearment' being employed elsewhere in the will in reference to her. One of the bequests in the will gave:
“(d) the sum of Thirty Thousand ($30,000.00) Dollars to Mrs. Helen Elizabeth Levites, now residing at 2610 Grand Avenue, Bronx, New York.”
Mrs. Helen Elizabeth Levites was one and the same person as the petitioner, Plelen Beaver Steinert. Other bequests in the will ranged from $2,000.00 to $25,000.00 left to various friends of testator, to his sister, and to nine different charitable institutions.
In 1955, when the will was executed, ap-pellee was the wife of a Dr. Levites, the physician and friend of testator, and was the mother of a child born to that marriage. Prior to the death of testator’s wife Cecile, referred to in his will, the Steinerts and Levites were friends, and afterwards the friendship between testator and the Levites continued. Shortly after becoming a widower, testator moved to Florida. Later, Mrs. Levites also came to Florida, was divorced from Levites on March 1, 1957, and was married to testator toward the latter part of that month, the two of them thereafter residing together as man and wife until testator’s death on November 23, 1958. There was no marriage contract between them and no change was made in the last will and testament of the deceased.
The probate judge in his order stated the question for decision by him to be simply whether or not the provision made for Mrs. Helen Elizabeth Levites in the will constituted provision for her as Helen Beaver Steinert, the surviving spouse of the decedent, within the purview of section 731.10, Florida Statutes, F.S.A.
Section 731.10 reads:
“731.10 Marriage after execution of will. When a person marries after making a will, and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract, or wiless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law.” (Emphasis supplied.)
Appellants urge that by the emphasized portion of the quoted statute, appellee had been provided for in the will, and thus was specifically excepted from the thrust of the statute, so that under the circumstances she could not claim an intestate’s share. Ap* *858 pellee counters by referring to the right of a pretermitted spouse to receive an intestate share of her deceased’s husband’s estate unless “such spouse” is provided for by the testamentary document. She contends that the bequest to her must have been made in contemplation of marriage in order to proscribe her claim to an intestate’s share in the estate and states that in 1955 the testator had only recently become a widower, while appellee was a married woman with a husband and child. She points out that over two years passed between the time of the execution of the will and her marriage to testator.
No Florida cases have been discovered bearing directly upon the problem now before this court. An examination of the law of other jurisdictions reveals that the authorities diverge as to the propriety of permitting a pretermitted spouse to claim an intestate’s share under these circumstances. See Page on Wills, Bowe-Parker Revision, Vol. 2, section 21.91, page 503; 57 Am.Jur., Wills, section 527, page 365; Atkinson on Wills, 2nd Edition, section 85, page 424; 95 C.J.S. Wills § 291, page 74. The diversity of opinion indicated by case decisions may be partially attributable to the variation in the language of the statute as to the rights of the pretermitted spouse and the circumstances considered appropriate for the granting to her of an intestate share in her deceased husband’s estate. Under the statute of the State of Washington, for example, a subsequent marriage of a testator is deemed to totally revoke a prior executed will, unless certain exceptions to operation of the statute are found to be present. The Washington statute has been applied in the cases of In re Steele’s Estate, 1954, 45 Wash.2d 58, 273 P.2d 235, and In re Adler’s Estate, 1909, 52 Wash. 539, 100 Pac. 1019. On the other hand, in Florida, by operation of section 731.10, Florida Statutes, F.S.A., a ruling in favor of a pretermitted spouse revokes or invalidates a will only as to the spouse, and all other provisions remain valid. A similarity exists in the enactments of the states of New York and California. Thus, in these jurisdictions, the statutes comport more closely with the policy of the law to hold, whenever legally possible, that a will is valid.
Since the statutes of the states of New York and California bear likeness to that of Florida, the cases from those jurisdictions may be looked to. A case which closely resembles the one at bar is In re Scolpino’s Estate, 1931, 231 App.Div. 690, 248 N.Y.S. 634, wherein a testator made a bequest to one “Mary Bertazelli,” who was then the wife of another. Four years later, two years after the death of Mary Berta-zelli’s husband, she and testator were married. The court resolved that she was entitled to an intestate’s share of the estate under the circumstances, indicating that the references to her in the instrument was not made to her in the prospective status as wife of the testator, but rather merely as a friend. See also In re Bent’s Estate, 1932, 142 Misc. 811, 255 N.Y.S. 538; In re Mosher’s Will, 1932, 143 Mise. 149, 256 N.Y.S. 235. A recent California decision adhering to this position is In re Poisl’s Estate, 1955, 44 Cal.App.2d 147, 280 P.2d 789. A general discussion in some detail of the pertinent decisions may be found in Annotation, 127 A.L.R. 750, at page 770.
In the cases urged by appellants, it appears either that there was a difference in the respective statutes construed or that there was evidence to demonstrate that where provision by will was made for a person who later married the testator, it was done in contemplation of marriage. No evidence was offered here to support the view that testator contemplated marriage to appellee at the time of the execution of his will; there was no marriage contract; nor did the will itself contain an expressed intention of the testator not to make a provision for the surviving spouse, Helen Beaver Steinert. Thus, this court is unable to say of Helen Beaver Steinert that the statute precludes her right to distribution as the surviving pretermitted spouse, through any one of the phrases, “unless provision has been made for such spouse by marriage *859 contract,” “unless such spouse is provided for in the will,” or “unless the will discloses an intention not to make such provision.” The order of the probate court is affirmed.
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.