172 So.2d 619 (1965)
In re ESTATE of M. Helen Surface LIVINGSTON, Deceased.
MAYO'S CLINIC, et al., Appellants,
v.
James F. LIVINGSTON, Appellee.
No. 4121.
District Court of Appeal of Florida. Second District.
February 24, 1965.
Rehearing Denied March 23, 1965.
Alan C. Sundberg, of Mann, Harrison, Mann & Rowe; George F. Wilsey, Jr., of Fisher & Wilsey, St. Petersburg, for appellants.
Charles W. Burke, St. Petersburg, for appellee.
HENSLEY, ROBERT E., Associate Judge.
This cause arose in the lower court by the filing of a "Petition for Determination of Heirs and Beneficiaries" by the surviving spouse of M. Helen Surface Livingston who had died testate. Her last will had been executed prior to her marriage to Petitioner but after she had become engaged to him. The will mentioned Petitioner in only two parts thereof, as follows:
"FIFTH: I hereby give, devise and bequeath my 1961 Cadillac to James F. Livingston, of St. Petersburg, Florida * * *"
and
"TENTH: I hereby nominate, constitute and appoint James F. Livingston the sole executor of this my Last Will and Testament, * * *"
In the course of the hearing evidence was offered showing the various circumstances which were present at the time of the execution of the will, including impending medical treatment, the presence of a terminal illness, statements of the decedent, etc., attempting to show that the provision *620 in the will was not intended by the testator as a provision for the Petitioner as a contemplated spouse. In re Steinert's Estate, Fla.App., 137 So.2d 856.
After a full hearing, the lower court entered an "Order Determining Surviving Spouse to be Pretermitted Spouse of Testatrix." In such order the judge set out fully the facts, circumstances and findings and then concluded:
"Without doubt petitioner herein had the burden of (a) proof that the will was executed prior to the marriage; (b) proof of the subsequent marriage; (c) proof of testatrix's death, and (d) proof that he was her lawful surviving spouse. The petitioner has fully met this burden of proof herein. The legal question then arises as to where the burden of proof then lies as to the existence, or nonexistence, of the statutory exceptions. This Court requested memorandum briefs thereon and such affirm this Court's belief that there are no Florida cases in point. Counsel for respondents have failed to furnish cases from other jurisdictions thereon but counsel for petitioner refers this Court to the New York cases of in re: Snopek's Estate, reported in [249 App. Div. 396] 292 NYS 359, and in re: Van Hoecke's will, reported in 93 NYS 2nd 19 [197 Misc. 339] and affirmed without opinion in [277 App.Div. 832] 97 NYS 2nd 920, together with the California case of in re: Corker's Estate, reported in [87 Cal. 643] 25 Pacific 922. Such New York cases respectively hold that the burden of proving one of the provisions is upon the party asserting same and that the burden of proof concerning the existence of an antenuptial agreement was upon those who would sustain the will, whereas the California decision holds, in effect, that when a will is offered for probate, the surviving wife, in order to defeat its probate, need only show that she was married to the testator subsequent to its execution and that the burden is then cast upon the proponent to show the existence of one of the conditions which except it from such rule. Such cases would, therefore, indicate that the burden of proof herein is upon the respondents to show the existence of at least one of the three exceptions in order to defeat petitioner's claim herein as a pretermitted spouse and, in the opinion of this Court, they have not met such burden of proof. In conformity with the foregoing findings and conclusions, it is the considered opinion of this Court that the petitioner herein should be adjudicated by this Court to be the pretermitted spouse of this testatrix and accordingly, it is hereby * * *"
The lower court is correct that generally an exception to a statute must be proven by the one seeking to establish it. This is no doubt true of the exception of provision by marriage contract, one of the exceptions dealt with in F.S. § 731.10, F.S.A. The cases cited by the lower court on burden of proof all dealt with either marriage contract or settlement. This provision, by its very nature, is something outside of the will itself and could only be established in an appropriate proceeding in which its existence would be an issue. In this case, however, we are concerned primarily with the statutory exception based on that part of the statute providing:
"* * * unless such spouse is provided for in the will, * * *."
This exception, when analyzed, is evident upon the face of the will itself, at least to the extent that such will established, prima facie, that "such spouse is provided for in the will." We therefore hold that where one marries after making a will, and the spouse survives the testator, and such will contains a provision for such survivor, such survivor would have the burden of alleging and proving that such will failed to provide for them as contemplated by F.S. § 731.10, F.S.A.
*621 To hold otherwise would result in a situation where regardless of what might be said or shown by a will in reference to provision for such surviving spouse and regardless of whether such surviving spouse was or was not satisfied that such provision did satisfy the statute, the personal representative would have the burden of either securing full releases from such spouse, or, to institute an appropriate proceeding to prove that such provision satisfied the statute. We do not feel that this was intended by the legislature and would place an undue burden upon the personal representative.
Holding as we do, we feel that the decree of the lower court, having been based on an erroneous premise of law, should be reversed for a new hearing and for further consideration consistent with this opinion.
Reversed.
SHANNON, Acting C.J., and KANNER, (Ret.), J., concur.