In the ESTATE OF Walter H. GROE-PER, Deceased, Respondent,

v.

Melinda J. GROEPER, Cornelius A. Groeper, Personal Representative, Appellants.

No. 46085.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 7, 1984.

Darryl L. Hicks, Warrenton, for appellants.

Robert Hoelscher and Timothy M. Joyce, Warrenton, for respondent.

DOWD, Chief Judge.

Appeal from the denial of appellant Melinda J. Groeper's petition for the determination of heirship and distribution of the

decedent Walter H. Groeper's estate. The judgment is reversed.

The facts in this case were stipulated to, and the exhibits were entered into evidence with the consent of both parties. The issue here is a legal one and concerns the rights of a surviving spouse in the estate of the decedent spouse whose will was executed prior to their marriage, and requires a construction and interpretation of Missouri's Omitted Spouse Statute § 474.235 RSMo 1978 (Supp.1982).

■ First, we note both of appellant's points relied on are defective in that they fail to follow the mandates of Rule 84.04(d) V.A.M.R. and do not state wherein and why the court's actions are claimed to be erroneous. There is no question appellant's failure to comply with this rule is grounds for dismissal. *Greater Missouri Builders v. Blattner,* 555 S.W.2d 648, 649 (Mo.App.1977). However, in spite of appellant's violations of the rules in preparing her brief, we believe the rules should be construed liberally in favor of allowing this appeal to proceed. *Sherrill v. Wilson,* 653 S.W.2d 661 (Mo. banc 1983). The issue presented in this case merits discussion and accordingly we decline to dismiss the appeal. Rule 84.08 V.A.M.R.

The decedent's first wife, Meta, passed away on March 24, 1970. On that same date he executed a will devising his property in equal shares to ten individuals consisting of his five brothers and sisters and Meta's five brothers and sisters including the appellant, who at the time was the widow of Meta's brother, Hugo. Appellant and the decedent were married on October 16, 1971. On March 15, 1982, Walter Groeper passed away survived only by the appellant who subsequently filed the subject petition claiming she was an omitted spouse within the meaning of § 474.235 which provides:

1. For a general discussion of the effect of a subsequent marriage or birth of issue on a will at common law see 79 AM.JUR.2d Wills §§ 575, 632.

1. If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will, unless it appears from the will that the omission was intentional or that the testator provided for the spouse by transfer outside the will, and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator, the amount of the transfer or other evidence.

Appellant further claimed that as an omitted spouse she was entitled to the entire estate pursuant to § 474.010 RSMo 1978, which provides in pertinent part:

All property as to which any decedent dies, intestate shall descend and be distributed, subject to the payment of claims, as follows:

2) The entire intestate estate if there is no surviving issue or parent of the decedent.

The trial court determined appellant was in fact an omitted spouse but further found she was provided for by non-testamentary means pursuant to said statute.

■ In the instant case, the question which must be resolved is in effect whether the decedent's bequest provided for appellant in contemplation of her marriage to him as his future spouse. Numerous courts and legislatures early recognized the rule of law which developed to prevent the inadvertent disinheritance of a spouse and child.[1] We believe the primary purpose of the omitted spouse rule is to ensure that the decedent considered the surviving spouse as a spouse when making his or her will. To believe otherwise would defeat the purpose of the rule. Our review of the law in several states revealed statutes specifically requiring that provision be made for the surviving spouse in contemplation of marriage while in others the courts have read the requirement into the statute.[2] In

2. See *Re Estate of Spencer,* 60 Hawaii 497, 591 P.2d 611 (1979). *In Re Steinert's Estate,* 137 So.2d 856 (Fla.App.1962). *Ingersoll v. Hopkins,* 170 Mass. 401, 49 N.E. 623 (1898). *Ford v. Greenawalt,* 292 Ill. 121, 126 N.E. 555 (1920).

either case, there is no question the primary purpose behind the legislation is to protect the surviving spouse.

In Missouri, the common-law doctrine of implied revocation of a will has been abrogated by statute. *Robertson v. Jones*, 345 Mo. 828, 136 S.W.2d 278, 279 (1940). Section 474.235 RSMo 1978 (Supp.1982) clearly reflects the legislature's intent to protect a spouse from inadvertent disinheritance in addition to protecting beneficiaries who are not entitled to intestate distribution and would otherwise not receive their devise or bequest. We believe the requirement that a will executed before marriage provide for an individual named in the will in the capacity of spouse is consistent with this purpose and prior case law. Substantially different considerations underlie a person's bequest to a friend or relative and that person's testamentary provision for the well-being of a spouse. See *Estate of Ganier v. Estate of Ganier*, 418 So.2d 256 (Fla.1982); *In Re Poisl's Estate*, 44 Cal.2d 147, 150, 280 P.2d 789, 792 (1955).

■ When a will executed before marriage contains a provision for a named individual who later became the testator's spouse, the surviving spouse has the burden of proving that the provision was not made in contemplation of marriage. *In re Livingston's Estate*, 172 So.2d 619, 620–21 (Fla. 2d Dist.Ct.App.1965). We note the will itself reflects the appellant was provided for as a member of a class along with nine other people. Since the appellant was the testator's sister-in-law at the time and the remainder of the class were either brothers, sisters, or in-laws there is no question the testator did not contemplate Melinda as a future spouse at the time he executed the will. Accordingly, we conclude the appellant was not "provided for"

by testamentary means pursuant to § 474.-235.[3]

■ Respondent argues that even if appellant is an omitted spouse she is precluded from taking an intestate share because she was provided for outside the will in lieu of a testamentary provision. We disagree. Specifically, the statute provides that if it appears the omission was intentional or that the testator provided for the spouse outside the will, the surviving spouse may not take an intestate share. The intent that the transfer be in lieu of a testamentary provision as respondent argues is the case here, may be shown by statements of the testator, the amount of the transfer, or other evidence. § 474.-235(1) RSMo 1978 (Supp.1982).

■ This was a court-tried case, and we must affirm the judgment of the trial court unless its finding is not supported by the evidence, it is against the weight of the evidence, or it erroneously applies or declares the law. *Estate of Linck*, 645 S.W.2d 70 (Mo.App.1982). After a careful review of the record, we find there was no substantial evidence to support the judgment that the appellant was provided for by non-testamentary means.

First, there was no evidence adduced concerning statements made by the decedent which would indicate his intent. The only evidence introduced, concerned shares of stock with Investor's Group Company, and a number of joint survivorship accounts totalling approximately $105,000. Appellant argues, and is correct, that there was no evidence of a transfer because the money was in joint accounts and because there was no proof as to its origin. In other words, respondeat failed to present any evidence that the testator provided for his wife with his personal funds or assets.

*Kuhn v. Bartels*, 374 Ill. 231, 29 N.E.2d 84 (1940). *Re Bridler's Estate*, 165 Cal.App.2d 486, 331 P.2d 1028 (1958).

**3.** Our construction of § 474.235 is supported by both the California and Florida Supreme Courts' interpretation of similar statutes. In construing their statutes, both courts, mindful of the decedent's subsequent marriage, in effect, held that

an individual is not "provided for" as a spouse simply by being named in the will with no indication he or she may be a prospective spouse. *Estate of Ganier v. Estate of Ganier*, 418 So.2d 256 (Fla.1982); *In Re Poisl's Estate*, 44 Cal.2d 147, 150, 280 P.2d 789, 792 (1955). § 732.301(2) F.S.A. (1979); California Probate Code, § 70 (Deering 1974).

Absent such proof, we cannot find that the appellant was provided for outside the will when there exists the possibility the funds in the subject accounts were originally hers. The purpose of the statute is to protect the surviving spouse by requiring the testator to provide for her and not simply that she be provided for by any means including marital funds.

Furthermore, we find the transfer of 643.946 shares of Investor's Group Company stock insufficient to support the conclusion that the testator intended it to be in lieu of a testamentary provision. The record reveals no value was assigned to the stock and the quarterly dividends shown were only $259.19. We cannot believe the testator intended this to be in lieu of a testamentary provision.

For the aforementioned reasons, we find the appellant was clearly an omitted spouse within the meaning of § 474.235 RSMo 1978 (Supp.1982) and was not otherwise provided for outside the will. Accordingly, appellant is entitled to the share she would have received had the decedent passed away intestate.

The judgment is reversed.

SNYDER, P.J., and GAERTNER, J., concur.