[No. 32807-7-I.    Division One.    January 17, 1995.]

*In the Matter of the Estate of*
RICHARD JOSEPH DEONESEUS.

JEAN DEONESEUS GIER, *Appellant*, v. C. JOANNE
DEONESEUS, *Respondent*.

*E. Douglas Pibel* and *Pibel & Marston; James R. Hard-man*, for appellant.

*Vernon Jerry Seather* and *Michael P. Jacobs*, for respondent.

BAKER, A.C.J. — The daughter of Richard Joseph Deoneseus, deceased, appeals the trial court's partial revocation of decedent's will and contingent award of attorney fees to the surviving spouse. The spouse cross-appeals, contending that certain monthly payments awarded to her must be deducted from the gross estate as family allowance payments rather than be treated as partial distributions to her. We affirm the trial court, holding that decedent's will is revoked as to his later-acquired spouse, and that the monthly payments are properly characterized as partial distributions.

### FACTS

The facts are not in dispute. Decedent executed his last will and testament several months prior to his marriage to Jo Anne. He bequeathed his entire estate to his daughter, named his daughter personal representative, and named Jo Anne alternate personal representative. Decedent died 10 weeks after his marriage to Jo Anne, without signing a new will. Jo Anne brought action to revoke the will as to her, and to obtain a family allowance, an award in lieu of homestead, and attorney fees.

The trial court granted summary judgment revoking decedent's will as to the surviving spouse under the after-acquired spouse statute, RCW 11.12.050. The court later denied the spouse's request for an award in lieu of homestead, partially granted her request for family allowance, and awarded her a monthly payment beginning September 1993, to be deducted from her net share of the estate. The trial court awarded the spouse attorney fees for the petition for family allowance and award in lieu of homestead, contingent on her losing her intestate share of the estate on appeal. If the spouse prevails in keeping her intestate share, she is to pay all of her own attorney fees.

### I

Whether decedent's will is revoked as to the surviving spouse is governed by RCW 11.12.050, known as the after-

acquired spouse statute.[1] The statute sets forth a rebuttable presumption that a will executed prior to marriage is revoked as to the surviving spouse. The statute lists several ways to rebut this presumption. The alternative at issue in this case is if the spouse is mentioned in the will "in such way . . . as to show an intention not to make such provision". Former RCW 11.12.050.

█ Most of the parties' differing interpretations of former RCW 11.12.050 have been settled by the Supreme Court's recent decision in *In re Estate of Burmeister,* 124 Wn.2d 282, 877 P.2d 195 (1994). The sole purpose of the after-acquired spouse statute is to prevent unintentional disinheritance, and the statute must be interpreted accordingly. *Burmeister,* 124 Wn.2d at 287.

Daughter argues that decedent's appointment of Jo Anne as alternate personal representative rebuts the presumption of revocation, because she was mentioned by name in the will. Spouse argues that she must be named in the distributive clause of the will before naming is evidence of an intent to disinherit. Both parties assert that *In re Estate of Steele,* 45 Wn.2d 58, 273 P.2d 235 (1954) is dispositive. In *Steele* the surviving spouse was named in the distributive clause as a contingent beneficiary. The court found this naming sufficient to rebut the presumption of revocation of decedent's will as to the surviving spouse. The *Steele* court did not address the critical issue here, which is whether referring to the after-acquired spouse in any portion of the will without naming her as a legatee is sufficient to evidence an intent to disinherit.

Interpreting a different provision in the statute, this court recently found that a prenuptial agreement, which evidenced the decedent's intent to disinherit his spouse, did not rebut the presumption of revocation. Interpreting former RCW 11.12.050 literally, this court held that the will was

---

[1]RCW 11.12.050 was repealed following this court's decision in *In re Estate of Burmeister,* 70 Wn. App. 532, 854 P.2d 653 (1993), *rev'd,* 124 Wn.2d 282, 877 P.2d 195 (1994). Laws of 1994, ch. 221, § 72, p. 1179. The new statute, RCW 11.12.095, took effect January 1, 1995. Laws of 1994, ch. 221, § 75, p. 1180.

revoked as to the surviving spouse despite the obvious extraneous intent of decedent to disinherit. *In re Estate of Burmeister*, 70 Wn. App. 532, 539, 854 P.2d 653 (1993), *rev'd*, 124 Wn.2d 282, 877 P.2d 195 (1994). According to the statute, an extrinsic marriage settlement could only rebut the presumption of revocation if it affirmatively provided for the spouse. Evidence of an intent to disinherit could rebut only if it appeared in the will. *Burmeister*, 70 Wn. App. at 538. On review the Supreme Court declined to give the statute such a literal reading. The court found that since the purpose of the statute is solely to prevent unintentional disinheritance, revocation was inappropriate where the deceased's intent to disinherit was evident, albeit from extrinsic evidence. *Burmeister*, 124 Wn.2d at 287. The court also noted that, subsequent to our decision in *Burmeister*, the Legislature has amended the statute. *Burmeister*, 124 Wn.2d at 287. The amended statute provides that the presumption of revocation is rebutted by any clear and convincing evidence of the testator's intent to disinherit. Laws of 1994, ch. 221, § 10, p. 1143. This evidence does not have to be provided in the will itself. The Supreme Court used the new statute to interpret the former version controlling in *Burmeister*.[2] *Burmeister*, 124 Wn.2d at 287.

*Burmeister*, however, is easily distinguishable from this case. In *Burmeister* the intent to disinherit was expressly manifested. In this case the testator's intent is not evident. Further, here we are called upon to interpret a different part of the statute. The statutory requirement that a spouse be mentioned in the will in such a way as to evidence an intent to disinherit cannot be interpreted to mean merely mentioned, even in light of the new statute.

The new statute provides that "[a] spouse identified in a will by name is considered named whether identified as a spouse or in any other manner", and a spouse who is either "named or provided for" is not entitled to the operation of the statute. RCW 11.12.095(2)(a); Laws of 1994, ch. 221, § 10,

---

[2]The specific issue the Supreme Court addressed in *Burmeister* was the meaning of "provision".

p. 1143. However, the statute also provides that "[a] nominal interest in an estate does not constitute a provision for a spouse receiving the interest." RCW 11.12.095(2)(c); Laws of 1994, ch. 221, § 10, p. 1144. If the statute intended for the mere naming of a spouse in a will to preclude revocation, this second provision would be inconsistent. A spouse cannot be provided for without being named. In any event, the provisions of the new statute do not alter the meaning of the provision at issue here. We conclude that naming Jo Anne as alternate personal representative did not name her "in such way . . . as to show an intention not to make such provision". Former RCW 11.12.050. Hence, the trial court properly determined that decedent's will is revoked as to his later-acquired spouse.

## II

Spouse cross-appeals, contending that the monthly payments to her cannot be deducted from her share of the net estate, but must be deducted from the gross estate because they are family allowance payments rather than partial distributions of her share of the estate.

The trial court's findings and conclusions on this issue are somewhat ambiguous. However, the court's order denying daughter's motion for reconsideration clearly states that the payments to be made to the surviving spouse are partial distributions. Furthermore, in its initial conclusions the trial court determined that it would be inequitable to allow further payments to the surviving spouse to be deducted from the estate as administrative expenses. The trial court had authority to order a partial distribution under RCW 11.72.006. We therefore conclude that the monthly payments are properly characterized as a partial distribution of the spouse's net share of the estate.

## III

Finally, spouse's request for attorney fees for this appeal is denied. Following the reasoning of the trial court in the contingent award of attorney fees below, an award of attor-

ney fees is not appropriate on appeal because the spouse is retaining her intestate share of the estate.[3]

Affirmed.

COLEMAN and GROSSE, JJ., concur.

Review granted at 126 Wn.2d 1022 (1995).

---

[3]Similarly, the trial court's contingent award of attorney fees is a moot issue, because the contingency results in no award of fees.