Ecaterina **BILLINGER** et al., Plaintiffs-Respondents,

v.

Elisabeth **JOST** et al., Defendants-Appellants.

No. 35184.

Missouri Court of Appeals, St. Louis District, Division Two.

May 14, 1974.

Tyree C. Derrick, St. Louis, for appellants.

Smith, Hanke & Batts, Robert W. Hammerstein, Jr., St. Louis, for respondents.

SMITH, Presiding Judge.

Defendants appeal from a judgment awarding attorney's fees and expenses of $1,945.00 to plaintiffs' counsel in a partition suit. The award was based upon 52½ hours at $35.00 per hour ($1,785.00) plus $160.00 expense. Defendants do not quarrel with the reasonableness of the hourly award but direct their attention instead to the number of hours, contending some of the claimed time was solely for plaintiffs' benefit. The partition brought a net sale price of $10,761.01. Plaintiffs combined have a ¾'s interest in the proceeds, defendants have a ¼ interest.

Plaintiffs are all foreign nationals residing in either Austria or Romania. Considerable time was spent by plaintiffs' counsel in obtaining affidavits and evidence of his clients' heirship, which defendants had refused to acknowledge, although after the work of establishing heirship was completed they stipulated to the plaintiffs' interest in the property. There was additional routine work present in any partition. Counsel had substantial additional hours of work for which he made no claim against the proceeds of the partition.

■ The determination of reasonable attorney's fees is a matter within the sound discretion of the court and the trial court is in the best position to determine what legal work was necessary and what is a reasonable allowance for such work. Counsel in a partition suit is entitled to be compensated for only that work which would have been required in a non-contested partition action. Klamberg v. Klamberg, 460 S.W. 2d 740 (Mo.App.1970). There is an exception to that rule where extra work is the result of vexatious contentiousness of a defendant with no valid defense. Munday v. Thielecke, 290 S.W.2d 88 (Mo.1956). We

find it unnecessary to invoke *Munday* in the case before us.

Much of the time claimed to be solely for the benefit of plaintiffs was the establishment of their heirship and their resulting interest in the land partitioned. Section 528.160, RSMo 1969 (V.A.M.S.) provides that:

"The court shall ascertain . . . and declare the rights, titles and interest of the parties to such proceedings, petitioners as well as defendants, and determine such rights, and give judgment that partition be made between such of them as shall have any right therein accordingly."

■ All persons having an interest in the property must be made parties to the proceeding. See Harper v. Hudgings, 211 S.W. 63 (Mo.Sup.1919) wherein it is stated:

". . . it is just as much the duty of counsel for plaintiff to see that all interested persons are made parties and properly served as it is that of counsel for defendants, in fact, more so, because he acts for all the parties, and his fees are paid by all, plaintiffs and defendants, in proportion of their respective interest . . . . " [7].

■ Whether a partition is contested or non-contested it is the obligation of plaintiffs' counsel to identify all persons having an interest in the property and to provide proof to the court of that interest. The quantum of the proof necessary in each case may vary, but it is for the trial court to decide whether the work done was necessary under the circumstances. Establishment of the parties in interest is essential in partition, is for the benefit of all parties, is required whether the partition is contested or non-contested, and is a compensable item of work for the plaintiffs' attorney. The case before us was not routine, involving as it did foreign nationals. The trial court determined what was a reasonable fee and we do not find that that

fee was based upon non-compensable services.

Judgment affirmed.

CLEMENS and McMILLIAN, JJ., concur.