**Thomas SCOTT, Plaintiff,**

**v.**

**HOME MUTUAL TELEPHONE CO.,**
**Respondent,**

**v.**

**James C. GURNEY, Appellant.**

**No. KCD 26591.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Martin Anderson, Kansas City, for appellant.

Robert B. Paden, pro se.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

This is the second appeal of this case. On the first appeal, reported at 488 S.W.2d 922, we remanded this case to the circuit court for the taking of further evidence to determine what legal services had been rendered by attorney J. K. Owens to James C. Gurney as receiver of the Home Mutual Telephone Company and to find the reasonable value of such services. Only the reasonable value so found was to be allowed as an expense of the receivership. Gurney would then be ordered to repay to his successor receiver all sums he actually paid for attorney fees in excess of the reasonable value so found. Gurney had made payments totaling $4,875 to J. K. Owens for attorney fees without prior court approval.

J. K. Owens had performed some legal services for the receivership from its beginning in October, 1964 through 1970. He prepared a receiver's report, a sales contract, a bill of sale and a petition to the court for the sale of the assets of the Home Mutual Telephone Company to General Telephone Company. He spent some time working out an agreement with General Telephone Company. He made two or three trips from Kansas City to Kidder, Missouri, made several telephone calls and wrote several letters during this four-month period of negotiation. He negotiated with the city officials of Kidder, Missouri to obtain franchise rights. He made two trips to Jefferson City, Missouri for the purpose of appearing before the Public

Service Commission. He met with Mr. Gurney in Kansas City, Missouri on seven occasions, and in Liberty, Missouri on three other occaions. Mr. Gurney met with J. K. Owens at Kidder, Missouri 204 times during the period of this receivership, each of these meetings averaging thirty minutes in duration. Mr. Gurney testified that there were at least eight other conferences with Mr. Owens where they discussed the company's financial operation and complaints lodged against the company. Mr. Owens made three trips to Chillicothe, Missouri to confer with the circuit court.

Mr. Owens also spent some time in trying to find a new manager for the company, determining the stockholders (apparently the old records had been destroyed by fire), and collecting unpaid bills. He made trips to Hamilton and Richmond, Missouri to settle the unpaid bills. He also assisted Mr. Gurney in the preparation of a receiver's report requested by the circuit court in December, 1969. Mr. Gurney estimated that Mr. Owens spent 239 hours in service to the receivership.

On questioning by the court, it was brought out that the receiver did not file any reports with the circuit court from the beginning of the receivership until requested to do so by the circuit court in December, 1969. Even though no reports were filed, Mr. Gurney, during this period, did pay attorney fees, receiver fees and made distributions. Such payments without prior court approval were unauthorized.

The respondent stipulated that $25 per hour was a reasonable charge for attorney fees during this period of time. The respondent called two attorneys who practiced in the general area and solicited their opinion as to the reasonable value of the legal services performed as described by Mr. Gurney. One opinion was that the services were worth $1,470. The other opinion was that the services were worth $1,300. The trial court allowed $1,470 for attorney fees.

The receiver appeals, alleging that this was not a reasonable attorney fee under the evidence. His position throughout the hearing and on appeal has been that all the evidence shows that Mr. Owens spent 239 hours on the receivership matter. Multiplying this 239 hours by the $25 hourly rate, appellant concludes that the receiver should be allowed a credit of at least the $4,875. Appellant presented no evidence of the reasonable value of the legal services he described, which is the proper consideration in the absence of a pre-existing agreement. Scheufler v. Continental Life Insurance Company, 350 Mo. 886, 169 S. W.2d 359 (Mo.1943); 7 C.J.S. Attorney and Client § 191, p. 1079.

■ In determining the reasonable value of the legal services performed, the time taken to perform the services is only one element to consider and is ordinarily of minor importance. Fisher v. Peterson, 240 S.W.2d 176 (Mo.App.1951); Sluggett v. Phillips, 178 S.W.2d 458 (Mo.App.1944).

■ Other elements to be considered are the nature, character and amount of the services rendered, the nature and importance of the litigation or business in which the services are rendered, the degree of responsibility imposed on or incurred by the attorney, the amount of money or the value of the property involved, the degree of professional ability, skill and experience called for and exercised in the performance of the services, and the result produced (beneficial or detrimental). Haley v. Horwitz, 290 S.W.2d 414 (Mo.App. 1956). See also Cascio v. Cascio, 485 S. W.2d 857 (Mo.App.1972).

■ This being a court-tried case, judgment will not be disturbed unless it is clearly erroneous. Rule 73.01(d), V.A.M. R.; Sebree v. Rosen, 393 S.W.2d 590 (Mo.1965); Stamm v. Desnoyers, 263 S. W.2d 45 (Mo.App.1953).

■ Applying these standards to this record, there can be no question that the

evidence supports the judgment. The principal dispute in the record relates to the time expended by the attorney for the receiver. Two attorneys testified that the necessary services rendered should have been performed in a relatively short period of time. They both concluded that the time spent by the attorney as testified to by the receiver was unnecessary. There is ample proof extrinsic to this testimony that the services described by the receiver were unnecessary. This because of the extraordinary delay in disposing of the matter. Nothing appears which would excuse such dilatory proceedings. The prior opinion, in discussing the allowance of attorney fees to be made says, "some allowance for the services actually and *necessarily* rendered should be made." Scott v. Home Mutual Telephone, et al., 488 S.W.2d 922, 924 (Mo.App.1972). The receiver, although presenting evidence that a large amount of time was expended by the attorney for the receiver totally failed to show that such expenditure of time was reasonably necessary for the prompt and proper administration of the receivership. "[I]t is for the trial court to decide whether the work done was necessary under the circumstances." Billinger et al. v. Jost, Missouri Court of Appeals, St. Louis District, 510 S.W.2d 57, handed down May 14, 1974.

In the argument portion of his brief, appellant attacks the testimony of the attorneys in several respects. He attacks their qualifications as experts, says that the subject was not proper for expert opinion, and alleges that the hypothetical question assumed facts not in testimony and omitted facts which were in testimony. These points were not stated under appellant's "points relied on" and, therefore, are not preserved for review. Rule 84.04(d); Nutz v. Shepherd, 490 S.W.2d 366 (Mo. App.1973).

The judgment is affirmed.

All concur.