**Thecla MITCHELL, Appellant,**

v.

**Roy SCARATO, Respondent.**

**No. 42729.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 1, 1981.

Motion for Rehearing and/or Transfer Denied Jan. 15, 1982.

Application to Transfer Denied March 16, 1982.

James A. Stemmler, St. Louis, for appellant.

Jeffry S. Thomsen, St. Louis, for respondent.

REINHARD, Presiding Judge.

Plaintiff appeals from a judgment for defendant after a jury trial in a negligence action brought under the humanitarian doctrine. The case arose out of an automobile accident which occurred September 17, 1977, when defendant's car struck plaintiff's as plaintiff entered the intersection of Macklind and Chippewa Avenues in St. Louis.

On appeal plaintiff raises one point of error. She contends that "the court erred in permitting defendant's counsel, over plaintiff's objection, to argue counsel's opinion *as to the inapplicability of the humanitarian doctrine to this class of case,* because argument as to the law which conflicts with or disparages the court's own instruction is

impermissible and prejudicial." (emphasis ours).

Defense counsel's final argument is replete with improper comments, yet plaintiff made only one objection to any comment concerning the humanitarian doctrine or instruction. Defendant's counsel stated: "In my opinion this humanitarian instruction is a very rare and unusual animal in the law." Counsel for plaintiff objected that "counsel's opinion as to the instruction is of no relevancy." The court overruled the objection, stating that the comment was rebuttal.

Defendant's statement that the humanitarian doctrine is a "rare and unusual animal" was an improper statement and was properly objected to. That statement, however, was an attack upon the doctrine itself and not an argument that the doctrine did not apply to this class of case; therefore, the ruling on the objection is not presented for review by plaintiff's point on appeal. Rule 84.04(d); *Scott v. Home Mutual Telephone Co.*, 510 S.W.2d 793, 796 (Mo.App. 1974).

Plaintiff's point on appeal is that the court erred in permitting defense counsel to argue that the humanitarian doctrine did not apply to this class of case. A review of the record reveals that such an argument was made during the course of defendant's final argument. Such argument was improper, but plaintiff made no objection and therefore waived the right to complain on appeal. *Hensic v. Afshari Enterprises, Inc.*, 599 S.W.2d 522, 526 (Mo.App.1980).

Hence, we are compelled to affirm the judgment.

SNYDER and CRIST, JJ., concur.