Charlsie GREEN, Plaintiff-Respondent,

v.

Violet Green STANFILL, Defendant-Appellant,

and

W.H. Stratman, Defendant.

No. 12474.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 19, 1982.

David A. Schwartze, Vienna, for plaintiff-respondent.

Michael A. Dallmeyer, Hendren & Andrae, Jefferson City, for defendant-appellant.

PREWITT, Judge.

Defendant Violet Green Stanfill appeals, contending that the trial court erroneously found that a deed to a farm from plaintiff to Frankie Green was invalid because it was not delivered. Frankie Green was married to appellant and is now deceased. He was respondent's only child. This is the second appeal of this litigation. In *Green v. Stanfill,* 612 S.W.2d 435 (Mo.App.1981), this district held that the previous trial judge erroneously dismissed respondent's petition at the close of her evidence as she made a prima facie case.

Appellant contends in her first point that the trial court erred by allowing respondent to testify to certain matters when she was not qualified to testify to them under the dead man's statute, § 491.-010, RSMo 1978. In a nonjury case, as this was, to predicate reversible error on the erroneous admission of evidence the party advancing such contention ordinarily must demonstrate that there was an absence of sufficient competent evidence to support the decree. *Broyles v. Broyles,* 555 S.W.2d 696, 700 (Mo.App.1977). See also *Blair v. Blair,* 600 S.W.2d 143, 146 (Mo.App.1980). Appellant cannot now contend that there was insufficient competent evidence to support the decree as we have previously ruled that respondent made a prima facie case.

The evidence at the trial following remand was substantially the same and at

least as strong for plaintiff-respondent as at the initial trial. When the evidence on a second appeal is substantially the same as that on the first appeal, all matters, questions, points, or issues adjudicated on the prior appeal are the law of the case and on a subsequent appeal will not be adjudicated unless the first opinion was based on a mistaken fact or resulted in manifest injustice. *Williams v. Ford Motor Company,* 454 S.W.2d 611, 614 (Mo.App.1970). See also *Wilson v. Toliver,* 305 S.W.2d 423, 428 (Mo. 1957); *Protection Mutual Insurance Company v. Kansas City,* 551 S.W.2d 909, 915 (Mo.App.1977).

■ A ruling that the evidence was sufficient to make a submissible case comes within the doctrine of the law of the case when the evidence is substantially the same on both appeals. *Marco Finance Company v. Solbert Industries, Inc.,* 534 S.W.2d 469, 471–472 (Mo.App.1975); *Williams v. Ford Motor Company,* supra, 454 S.W.2d at 614. See also *Norris v. Bristow,* 361 Mo. 691, 236 S.W.2d 316, 319 (1951). We do not believe that the prior opinion was based on mistaken facts or resulted in manifest injustice. However, we also believe that there was sufficient competent evidence to support the trial court's determination even if appellant is correct that portion's of respondent's testimony should have been excluded. Point one is denied.

Appellant's second point contends that the trial court erred in excluding evidence that after respondent moved in with them appellant and Frankie Green assumed the responsibility for the farm, had control of it, "and treated it as their own in the sense that they did the necessary maintenance, made improvements, acquired a road easement in Frankie Green's name and managed it by receiving the pasture rental and by paying the farm expenses, real estate taxes and insurance." Evidence of the easement taken in the name of Frankie Green was admitted and the trial court held that the remainder of appellant's offer was irrelevant.

It is obvious that as her only child respondent contemplated that Frankie would receive the farm upon her death. In his findings the trial judge determined that respondent "allowed and permitted her son Frankie full use of said real property, improvements, and maintenance to be performed by him and the books and records to be kept by him; she was his mother; she was making her home with her son and continued to do so until her son's untimely death; she was compensating for the love, care, companionship, and maintenance she was receiving in her son's home."

■ Refusal to admit evidence does not constitute reversible error unless it would have changed the result reached. *Jo B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317, 322 (Mo.App.1980). See also *Webb v. St. Louis County National Bank,* 551 S.W.2d 869, 883–884 (Mo.App.1977). Even assuming that the evidence was admissible it would not have changed the outcome here. Other evidence established that there was no delivery of the deed to Frankie Green and the trial judge found that his control and management of the farm were consistent with title to it remaining in respondent. Point two is denied.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.