**Elmer CATTOOR and Marie Cattoor, Appellants,**

v.

**William E. WELLS and Dorothy Wells, et al., Respondents.**

No. 46905.

Missouri Court of Appeals, Eastern District, Division Seven.

Dec. 27, 1983.

Hazelwood, Barklage & Barklage, P.C., Daniel K. Barklage, St. Charles, for appellants.

Claude C. Knight, Hannegan, Knight, Stokes, Moerschel, Schoeneberg & Weber, P.C., Reginald Badeux, St. Charles, for respondents.

CRIST, Judge.

In 1978, William and Dorothy Wells (buyers) purchased from Elmer and Marie Cattoor (sellers) a tree nursery for $275,000.00. A mobile home had been affixed to the property six years earlier. Buyers paid $30,000.00 in cash and executed two notes for the balance, each secured by a deed of trust on the property which included all fixtures thereon. At the time of the sale, sellers endorsed in blank the title to the mobile home for it was not to pass until the loans were paid. The signatures were not notarized and no liens were listed on the title.

In 1979, buyers sought to use the mobile home as security for a new loan. They brought the mobile home title to respondent bank where, without the knowledge of sell-

ers, the title was notarized and the bank's name was filled in as a lienholder for the loan it gave buyers.

Buyers defaulted on the loans from sellers in 1980. Sellers foreclosed and purchased at the foreclosure sale for property secured by the deeds of trust. Sellers then brought an action against buyers to clear title to the mobile home. Bank intervened in that action. The trial court found the mobile home a fixture to the real estate and title to be in sellers. Damages were to be decided later. Buyers, but not bank, appealed and the judgment was affirmed. *Cattoor v. Wells,* 641 S.W.2d 492 (Mo.App. 1982).

The present appeal is from sellers' damage claim. Sellers alleged bank's agent, Jeff Borgmann, committed a prima facie tort by intentionally notarizing sellers' signatures on the mobile home title, allowing a lien to be placed on the mobile home without sellers' knowledge or permission. Sellers claimed Borgmann acted without justification, intending to cause injury to sellers. The jury returned a verdict in bank's favor and sellers appeal. We affirm.

Part of sellers' problem on this appeal stems from the fact that sellers received an earlier judgment against bank, with damages to be assessed later. For strategic reasons, apparently, sellers elected to go to the jury in the present action on issues other than damages. Having submitted additional issues, sellers assumed the burden of convincing the jury on all issues submitted.

 Sellers assert the trial court erred in refusing to admit evidence of bank's refusal to return the title to the mobile home pursuant to a previous court order. We fail to see how the error, if any, in the court's refusal to admit such evidence would have changed the jury's verdict in favor of bank. The proffered evidence serves only to increase the amount of provable damages sought by sellers. Since the jury rejected sellers' underlying claim, their allegations of error concerning the admission of evidence relating only to increasing the amount of damages proved cannot amount to reversible error. *Green v. Stanfill,* 641 S.W.2d 490, 492 (Mo.App.1982).

 Likewise, sellers' contention of error in the trial court's refusing to allow evidence of the property's fair market value to show reasonable rental value must be rejected. Despite failing to plead reasonable rental value as an item of damage, Rule 55.19, sellers established the value of the property by other evidence. We do not see how the offered proof would have caused the jury to find in favor of sellers. *Green, id.*

In Point Relied On III, sellers object to cross-examination about the amount of damages sellers were seeking from buyers, a matter which had been separated from this proceeding. In Point Relied On IV, sellers complain about cross-examination concerning their purchase of the property at the foreclosure sale for $50,000.00. In Point Relied On V, sellers assert the verdict was against the weight of the evidence. In Point Relied On VI, sellers make a "shotgun" complaint about the accumulated effect of questions on irrelevant matters.

Points Relied On III through VI have no merit, and are denied in accordance with Rule 84.16(b). The judgment of the trial court relating to these points is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion relating thereto would have no precedential value.

Judgment affirmed.

DOWD, C.J., and PUDLOWSKI, J., concur.