In re ESTATE OF George E. HONSE, Deceased.

Beda DILLON, Appellant,

v.

Darlis HONSE, Respondent.

Willard HONSE, et al., Plaintiffs,

v.

Darlis HONSE, et al., Defendants,

Clyde Honse, Beda Dillon, and Dora Mixor, Appellants,

Darlis Honse, Respondent.

Nos. 13451, 13887.

Missouri Court of Appeals, Southern District, Division One.

July 15, 1985.

J. Kent Howald, Beckhan, Hale, Howald & Kenagy, Steelville, for appellant.

John Z. Williams, Williams, Smallwood & Crump, Rolla, for respondent.

FLANIGAN, Judge.

These two consolidated appeals are from orders of the Probate Division of the Circuit Court of Maries County entered in the Estate of George E. Honse, Deceased, who died testate on November 3, 1982. Respondent in both appeals is his widow Darlis Honse. The appeal to be considered first, No. 13887, deals with her interest in his estate, as affected by § 474.235,[1] the "omitted spouse" statute, which reads, in pertinent part:

1. If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will, unless it appears from the will that the omission was intentional or that the testator provided for the spouse by transfer outside the will, and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator, the amount of the transfer or other evidence.

Section 474.235 became effective January 1, 1981.

On September 26, 1980, George E. Honse executed his will in which he devised all of his estate to his brothers and sisters, including appellants Clyde Honse, Beda Dillon and Dora Mixor. The will recited: "I further state that I am a single person never having been married and that I have no children." On July 9, 1982, George E.

Honse married respondent Darlis Honse, who survived him as his widow. The parents of George E. Honse predeceased him and he left no surviving issue.

If George E. Honse had died intestate his surviving spouse would receive, subject to the payment of claims, the entire intestate estate, there being no surviving issue or parent of the decedent. § 474.010(1)(a).

Pursuant to § 474.520 the co-executors and a brother of the testator filed a petition in the probate division seeking construction of the will in light of the possible application of § 474.235. The widow and the instant appellants were parties to that proceeding. The trial court ruled that the widow was "an omitted spouse as defined in § 474.235," that the testator did not intentionally omit her from his will nor did he provide for her by transfer outside the will with the intent that the transfer be in lieu of a testamentary provision, and that the widow was entitled to receive the entire estate pursuant to § 474.010. The order was appealable. *In re Estate of Erwin*, 611 S.W.2d 564, 567[4] (Mo.App.1981).

Appellants' first contention is that the trial court erred in excluding evidence as to statements made by the testator "regarding his intentions as to how his estate would pass to his brothers and sisters and to his wife, because said evidence was not hearsay and was relevant under Section 474.235 RSMo (1980), in that said evidence, if admitted, would have shown that transfers made by the decedent to his wife outside his will in the form of property owned by he [sic] and his wife as tenants by the entirety were intended as provision for his wife in lieu of any testamentary provision for her in his will, and that he intended for the balance of his estate to be distributed to his brothers and sisters as stated in his will."

On appellate review of a case tried without a jury, this court "shall consider admissible evidence which was rejected by the trial court and preserved." Rule 73.-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

01(c)(3). "Refusal to admit evidence does not constitute reversible error unless it would have changed the result reached." *Green v. Stanfill,* 641 S.W.2d 490, 492[5] (Mo.App.1982). For the reasons which follow, this court holds that the trial court did not err in excluding the evidence and that, even if it had been received, it would not have affected the outcome.

The rejected evidence was offered through witnesses Beda Dillon, Dora Mixor, sisters of the testator, and Willard Honse, another relative. One of the assets of the estate was a 397-acre farm which had been "in the Honse family ever since 1909." Appellants offered to prove, through the testimony of Beda Dillon, that the testator told the witness "that he was unhappy with his marriage, that the family farm had been in the family for years, that he was aware that he was married, that he was aware that he wanted the assets to stay in the family, and that he had papers taken care of and that he had all things taken care of to see that that intent was carried out." The court denied the offer of proof. Substantially similar testimony was offered through witness Dora Mixor and that offer was rejected.

Appellants offered to prove through Willard Honse that the testator told the witness "as to how he wanted his assets to pass; ... that he had papers taken of to see that those persons for his assets and that those—that paper that was taken care of was a will that was drafted by Mr. Charles Smallwood, an attorney in Rolla."

Appellants concede, at least tacitly, that the will "failed to provide" for the widow, who married the testator after the execution of the will. In those circumstances, 474.235 provides that the widow shall receive the same share of the estate she would have received if decedent had left no will "unless it appears from the will that the omission was intentional or that the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator,

the amount of the transfer or other evidence."

Appellants make no claim "that it appears from the will that the omission was intentional." Appellants do claim that the rejected evidence was admissible because "the testator provided for [the widow] by transfer outside the will" and that the rejected evidence shows "the intent that the transfer be in lieu of a testamentary provision." They present no other argument for its admissibility.

The language of the statute makes it clear that the "statements of the testator" are admissible only to show the testator's intent "that the transfer be in lieu of a testamentary provision." If there was no transfer at all, there is no material issue of intent. The excellent brief of the respondent argues, and this court agrees, that there was no "transfer" here.

Appellants assert that there was a "transfer" because the record shows the following: Adolph Picker, father of respondent Darlis Honse, died on March 5, 1982; at the time of his death Adolph Picker owned some land; he was survived by several children, including respondent; respondent testified, "There were various deeds made among my family to divide up my dad's farm"; a deed dated October 30, 1982, in which the grantors were respondent's brothers and sisters and their spouses, transferred to respondent her share, of unstated value, of her father's land; at respondent's request that deed named, as grantees, respondent and her husband (the testator) as tenants by the entireties.

■ Appellants argue "the evidence showed that George E. Honse and Darlis Honse owned real estate as tenants by the entireties at the time of his death, which passed by transfer by operation of law outside of his will."

*In Estate of Groeper v. Groeper,* 665 S.W.2d 367 (Mo.App.1984), Melinda Groeper was the widow of Walter H. Groeper, who left an estate in which she claimed rights as "an omitted spouse" under § 474.235. Walter's will, although exe-

cuted prior to his marriage to Melinda, named her and nine other people as beneficiaries of his estate. Melinda was the sister of Walter's first wife. The court held that Melinda was named in the will as a member of a class and not as a future spouse and thus Melinda was not " 'provided for' by testamentary means pursuant to § 474.235."

The evidence also showed, as particularly pertinent here, that Melinda and Walter had "a number of joint survivorship accounts totalling approximately $105,000." At p. 369 the court said:

[Melinda] argues, and is correct, that *there was no evidence of a transfer because the money was in joint accounts and because there was no proof as to its origin.* In other words, respondent failed to present any evidence that the *testator* provided for his wife with *his personal funds or assets.* Absent such proof, we cannot find that [Melinda] was provided for outside the will when there exists the *possibility* the funds in the subject accounts were originally hers. The purpose of the statute is to protect the surviving spouse by requiring the *testator* to provide for her and not simply that she be provided for by any means including marital funds. (Emphasis added.)

The instant record is more favorable to respondent. The land, which appellants assert was the subject of the "transfer," was that of respondent's father and came to her through inheritance. It was at respondent's instance that the deed named, as grantees, her and the testator as tenants by the entireties.

An estate by the entireties is created by a conveyance to the husband and wife by a deed in the usual form. It is one estate vested in two individuals who are by a fiction of law treated as one person, each being vested with entire estate. Neither can dispose of it or any part of it without the concurrence of the other, and in case of the death of either the other retains the estate. It differs from a joint tenancy where the survivor succeeds to the whole estate by right of the survivorship; in an estate by entireties the whole estate *continues* in the survivor. *The estate remains the same as it was in the first place, except that there is only one tenant of the whole estate whereas before the death there were two.*
*Greene v. Spitzer,* 343 Mo. 751, 123 S.W.2d 57, 60 (1938) (emphasis added).

Here it cannot properly be said that the testator "provided" for respondent "by transfer outside the will." Testator was not the transferor of the father's land, he was merely a co-transferee of it, and indeed was that only through the benevolence of respondent. Testator did not provide for respondent "with his personal funds or assets." *Groeper,* supra. Since there was no transfer of the type contemplated by § 474.235, there could be no "intent that the transfer be in lieu of a testamentary provision." Any evidence of statements of the testator purporting to show such intent was properly excluded as meaningless. Appellants' first contention has no merit.

Appellants' second contention is that the trial court erred in giving respondent the status of an "omitted spouse" under § 474.235 "because the court misinterpreted and misapplied § 474.420," in two respects to be specified.

Section 474.420, enacted in 1955, reads:

If after making a will the testator is divorced, all provisions in the will in favor of the testator's spouse so divorced are thereby revoked but the effect of the revocation shall be the same as if the divorced spouse had died at the time of the divorce. *With this exception, no written will, nor any part thereof, can be revoked by any change in the circumstances or condition of the testator.* (Emphasis added.)

Prior to 1981 § 474.010 read, in pertinent part:

All property as to which any decedent dies intestate shall descend and be distributed, subject to the payment of claims, as follows:

(1) The surviving spouse shall receive:

(a) One-half thereof if the intestate is survived by issue, father, mother, brother or sister, or their descendants.

Effective January 1, 1981, § 474.010 was amended to read, in pertinent part:

All property as to which any decedent dies intestate shall descend and be distributed, subject to the payment of claims, as follows:

(1) The surviving spouse shall receive:

(a) The entire intestate estate if there is no surviving issue or parent of the decedent. . . .

Appellants argue, as applicable here, that the 1981 amendment of § 474.010 "was a change in circumstances occurring after the date of decedent's will and under § 474.420 no change in circumstances other than divorce can change a previously existing will." Appellants also argue that testator's marriage to respondent on July 9, 1982, "was a change in circumstances occurring after the execution of his last will and testament which was not effective to revoke the will under § 474.420."

Section 474.235 is based on § 2–301 [2] of the Uniform Probate Code. *Wilkinson v. Brune*, 682 S.W.2d 107 (Mo.App.1984). Section 474.420 is not identical with but is broadly similar to § 2–508 of the Uniform Probate Code which reads, in pertinent part:

If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse . . . unless the will expressly provides otherwise. . . . No change of circumstances other than as described in this section revokes a will.

The drafters of the Uniform Probate Code find no inconsistency between § 2–508 and § 2–301 of that code. The comment under § 2–508 reads, in pertinent part: "Although this Section does not provide for revocation of a will by subsequent marriage of the testator, the spouse may be protected by Section 2–301. . . ."

The comment under § 2–301 reads:

Section 2–508 provides that a will is not revoked by a change of circumstances occurring subsequent to its execution other than as described by that section. This section reflects the view that the intestate share of the spouse is what the decedent would want the spouse to have if he had thought about the relationship of his old will to the new situation. One effect of this section should be to reduce the number of instances where a spouse will claim an elective share.

■ Section 474.420 speaks of "any change in the circumstances or condition of the testator." Clearly the "condition" referred to is that of the testator and it seems equally clear that the "circumstances" are also those of the testator. The 1981 amendment of § 474.010 was a change in the law but not a "change in the circumstances or condition of the testator."

■ It is true that the 1982 marriage did constitute "a change in the circumstances or condition of the testator," but it does not follow that the last sentence of § 474.420 prevents § 474.235 from operating to the benefit of respondent. To hold otherwise would nullify § 474.235 since it is confined to the situation of a marriage of the testator after the execution of the will.

It is familiar doctrine that when there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of the prior general one. . . .

2. See 11 A.L.R.4th 1213—"What constitutes transfer outside the will precluding surviving spouse from electing a statutory share under Uniform Probate Code § 2–301."

*State v. Smith,* 344 Mo. 150, 125 S.W.2d 883, 885 (banc 1939). To similar effect see *City of Flat River v. Mackley,* 212 S.W.2d 462, 466[3] (Mo.App.1948).

This court affirms the trial court's holding that respondent was an "omitted spouse" as that term is used in § 474.235 and that she is entitled to receive, subject to the payment of claims, the entire estate of George E. Honse, deceased. Appellant's second contention has no merit. The order appealed from in Appeal No. 13887 is affirmed.

In Appeal No. 13451 the sole appellant is Beda Dillon, sister of testator, who was a beneficiary named in the will. This appeal seeks to challenge the order of the probate division making an allowance to respondent of the "one year's support" provided for under § 474.260. Such an order is appealable by "any interested person aggrieved thereby." § 472.160.1(4).

This court, by its disposition of Appeal No. 13887, has held that respondent is entitled to the entire estate, subject to the payment of claims. Appellant Dillon makes no assertion that she has a claim against the estate. Her status is merely that of a beneficiary under the will which, by reason of the operation of § 474.235, becomes inoperative here. Appellant Dillon was not "aggrieved" by the order she seeks to attack. Appeal No. 13451 is dismissed.

TITUS, P.J., and GREENE, J., concur.