WHALEN, MURPHY, REID, DANIS,
GARVIN & TOBBEN,
Plaintiffs-Appellants,

v.

ESTATE OF Wilma F. ROBERTS,
Deceased, Defendant-Respondent.

No. 49653.

Missouri Court of Appeals,
Eastern District,
Division One.

June 10, 1986.

Richard Alan Cooper, St. Louis, for plaintiffs-appellants.

Mark R. Henry, Clayton, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a judgment of the probate division of the St. Louis County circuit court which awarded $7,633.57 on a claim for legal services and expenses. The award was made to lawyers who represented the decedent on a motion to modify a dissolution decree. The client died before the litigation was concluded. No fees had been awarded in the dissolution proceeding prior to the client's death. The judgment is affirmed in part and reversed in part with directions.

Appellants rely on four alleged trial court errors: 1) the decision is contrary to the weight of the evidence and thus arbitrary, capricious and an abuse of discretion; 2) appellant's witness should have been allowed to testify regarding what he said to decedent; 3) the trial court erred in denying appellants' request for a change of judge; and 4) the trial court erred in refusing to allow a witness to testify about his familiarity with the decedent's handwriting.

Appellants filed a claim against the decedent's estate in the sum of $17,625.80 for legal fees and $633.57 for expenses. The trial court order found that appellants, their associates and employees spent at least 279 hours working on the case. The hourly figure includes time spent on an appeal from an order dismissing the motion for modification. The appeal was successful, *Roberts v. Roberts,* 654 S.W.2d 613 (Mo.App.1982). The motion to modify was then returned to the circuit court for further consideration. Before the court could hear the case, Mrs. Roberts died.

The trial court denied appellants' request for a change of judge based on Rule 51.05. The case was heard and the trial court entered an order allowing appellants' claim, but only in the amount of $7,000 for legal services and $633.57 for expenses. The trial court, when it awarded substantially less than the claimants requested, took into consideration factors other than the time spent which are prescribed in the canons and the cases. This appeal followed.

In point one appellants contend that the trial court's judgment was contrary to the weight of the evidence, making its decision arbitrary and capricious and an abuse of the court's discretion. Appellants argue that the hours they worked on the case and the total fee requested were reasonable and necessary, and therefore the trial court's award of less than 50% of the amount requested was error. Point one is denied.

The standard of appellate review in this court-tried case requires this court to affirm the trial court's judgment unless there is no substantial evidence to support it; it is against the weight of the evidence; or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976). Appellate courts are di-

rected also in *Murphy v. Carron* to exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and with a firm belief the judgment is wrong. This narrow scope of review is further constricted by this court's acknowledgement that a trial court has broad discretion in determining the reasonableness of attorney's fees. *In re Estate of Black v. Cantrell*, 693 S.W.2d 899, 900–01 [1] (Mo.App.1985); *Kays v. Curtis*, 648 S.W.2d 901, 903 [3] (Mo.App. 1983).

In determining the proper amount of attorney's fees in a given case, the trial court should consider factors in addition to time. *German Evangelical St. Marcus Congregation v. Archambault*, 404 S.W.2d 705, 711 [11] (Mo.1966); *Scott v. Home Mutual Telephone Company*, 510 S.W.2d 793, 795 (Mo.App.1974).

The trial court noted in its order that the factors mentioned in *Scott* are essentially the factors listed in DR 2–106, *Fees for Legal Services*, in the *Code of Professional Responsibility*, Missouri Supreme Court Rule 4, Rule 1.5. The trial court listed the enumerated factors and then applied the pertinent factors to the evidence in the case, finding a number of factors that justified reducing the amount of the requested fee which was calculated solely on the time expended.

The skill required to perform the legal tasks involved was not extraordinary, as evidenced by the fact that several of the tasks were performed by a law student who was paid for his time at $8 per hour, but whose time was billed to the client at $60 per hour. The disputed issue on the appeal from the trial court's initial dismissal of the motion was whether the original maintenance award was contractual or decretal.

Appellants emphasize that the husband resisted every step of the way and filed many motions and discovery pleadings, to which responses had to be filed. It is true that the decedent's motion to modify was fought at every opportunity and that more time was required than in an ordinary motion to modify proceeding. Nonetheless, the legal issues were not complex and in the end the client gained nothing.

No evidence was presented that acceptance of decedent's case precluded appellants from other employment. The support increase decedent requested in the motion to modify could not have been a substantial amount. The decedent never received any benefit from the legal services because she died before the final determination of her claim.

Appellants' main contention was that the fee requested was reasonable based on the time they spent on the case—279 hours. An experienced domestic relations lawyer testified as an expert witness that the hourly fee appellants charged was reasonable and within the limits customarily charged by attorneys in the locality for similar legal services. He also testified, however, that several of appellants' charges were high in this case including the charge for the appeal, the charge for photocopies, and the charge for the law student's time.

There was substantial evidence to support the trial court's decision. There is not the requisite firm belief that the judgment was wrong. It was not against the weight of the evidence nor did the trial court erroneously declare or apply the law when it determined that $7,000 was a reasonable amount for legal expenses and allowed appellants' claim in full for the costs of $633.57. Point one is denied.

■ Appellants sought $18,259.37 "plus interest" in the claim against the estate. The trial court did not include pre-judgment interest in its order. Appellants do not raise a specific point on this issue but in a three-line paragraph included in their first point, contend that the trial court erred in not allowing interest on each of their bills from the date of the bill until the date of payment. This court agrees.

An order allowing a claim against an estate has the effect of a judgment and bears interest at the legal rate, unless the claim provides for a different rate. Section

473.403 RSMo.1978. The legal rate of interest is nine percent. Section 408.020 RSMo.1978. This statute allows a creditor pre-judgment interest on liquidated claims after demand for payment is made. *General Aggregate Corp. v. Labrayere*, 666 S.W.2d 901, 919 [11] (Mo.App.1984).

■ A claim is subject to pre-judgment interest where the amount due is readily ascertainable by computation according to a recognized standard. *Ohlendorf v. Feinstein*, 670 S.W.2d 930, 935 (Mo.App.1984). A claim in quantum meruit for the reasonable value of services is not unliquidated within the contemplation of the general rule. *General Aggregate*, 666 S.W.2d at 909; *Burger v. Wood*, 446 S.W.2d 436, 442 (Mo.App.1969). A plaintiff is allowed pre-judgment interest even if he is not entitled to the full amount of his demand. *Burger*, 446 S.W.2d at 444.

■ An award of pre-judgment interest is proper in the case of attorney's fees. *Knight v. DeMarea*, 670 S.W.2d 59, 64 (Mo. App.1984). In *Knight*, the court allowed an attorney to collect pre-judgment interest from a client for attorney's fees even though the attorney was not entitled to the full amount of her claim. The attorney claimed she was entitled to $27,500 and received a judgment for only $6,125. The court held that the $6,125 amount was sufficiently liquidated to allow the court to award pre-judgment interest. *Id.*

Appellants kept meticulous records of their hours and charges. They sent decedent itemized bills periodically demanding payment. That appellants did not receive an award for the full amount of the claim does not bar the right to receive pre-judgment interest on the amount the trial court actually awarded to appellants. The trial court erred in not awarding appellants pre-judgment interest on the award of $7,633.57.

The cause is remanded to the trial court for a determination of the amount of pre-judgment interest due. Interest should be calculated from the dates of the various bills submitted to decedent based on a frac-tion of the bill, the numerator of the fraction being the amount awarded by the court—$7,000, and the denominator being the total fee requested $17,625.80. Interest on expenses advanced shall be allowed from the date of billing.

■ Appellants next allege that the trial court erred by not allowing one of their witnesses, Mr. Avellone, to testify about what he said to the decedent concerning the responsibility for legal fees she had incurred. The point has no merit.

Mr. Avellone said that his testimony would be based on information related to him by one of the appellants, Mr. Murphy, who was incompetent to testify, and the trial court inferred that the witness was going to testify that he had told the decedent what Mr. Murphy had said. Respondent objected to this testimony as hearsay and the trial court sustained the objection.

Appellants' counsel submitted an offer of proof stating that if Mr. Avellone had been allowed to testify he would have said that he told the decedent that if the attorney's fees were her responsibility and that if the court did not order her former husband to pay the fees, she would be responsible for them.

On appellate review of a case tried without a jury, the appellate court will consider admissible evidence which was rejected by the trial court and properly preserved. Rule 73.01(c)(3); *In re Estate of Honse*, 694 S.W.2d 505, 506 (Mo.App.1985). Refusal to admit evidence, however, does not constitute reversible error unless it would have changed the result the trial court reached. *Id.* See also *Green v. Stanfill*, 641 S.W.2d 490, 492[5, 6] (Mo.App.1982).

Assuming that Mr. Avellone's testimony had been admitted, the trial court's final determination of the issue would not have been changed. Appellants were awarded attorney's fees, albeit not in the sum requested. Mr. Avellone's testimony that he told the decedent she was responsible for attorney's fees in no way alters the reasonable value of those services. The factors discussed in *Scott* cited *supra* do not men-

tion a client's knowledge of fees as an element in determining a reasonable attorney's fee.

No reversible error exists for the court's decision not to allow Mr. Avellone to testify because his testimony would not have affected the trial court's decision. The correctness of the trial court's ruling on the hearsay objection need not be considered by this court. Point two is denied.

■■■ In their third point relied on, appellants contend the trial court erred in denying their application for a change of judge. They argue they were entitled to one change of judge as a matter of right. Point three also has no merit.

Appellants filed their motion for a change of judge pursuant to Rule 51.05. Rule 51.05 does not apply to matters in a probate division of a circuit court unless so ordered by the judge of the probate division. Rule 41.01(b), (e). The correct procedure for disqualification of a judge of the probate division of a circuit court is found in § 472.060 RSMo.1978 unless the judge orders the application of Rule 51.05. Rule 44.01(e). No such order was made here.

The procedures under the rule and under the statute differ. The statute requires that a party object in writing, verified by an affidavit. *State ex rel. Campbell v. Kohn*, 606 S.W.2d 399, 400–01 (Mo.App. banc 1980). An affidavit is not a requirement under Rule 55.01. *Id.* at 401.

The exercise of the right to disqualify a judge requires strict compliance with the provisions of the rule. *In re Marriage of Frankel*, 550 S.W.2d 896, 898 (Mo.App. 1977). In *Frankel*, the appellate court ruled that the change of judge motion was untimely and therefore the denial of the application was proper. *Id.*

Appellants failed to comply with § 472.-060 because they did not file an affidavit. They erroneously based their motion on Rule 51.05 which does not apply to proceedings in probate court. Therefore, appellants' claim of error is denied.

■■■ In appellants' final point on appeal they charge the trial court with error in not

allowing one of the appellants, Mr. Murphy, to testify concerning his familiarity with the decedent's handwriting. Mr. Murphy, a party opponent of the decedent, was disqualified as a witness under the deadman's statute. Section 491.010 RSMo.1978. The trial court ruled that this testimony was barred by the deadman's statute and that it did not fit into any of the common law exceptions which would allow it.

Appellants' counsel submitted as an offer of proof that had Mr. Murphy been allowed to testify regarding the decedent's handwriting he would have stated that he was familiar with the decedent's handwriting, had become familiar with her handwriting during the time he represented her, and that her signature appeared on a statement of property on which she acknowledged that she owed Mr. Murphy $1,244.50, the amount of her bill to that date.

Once again this court recognizes that the trial court's ruling was reversible error only if the evidence was admissible and thus improperly excluded, and only if its exclusion altered the result reached by the trial court. *In re Estate of Honse*, 694 S.W.2d 505, 506 (Mo.App.1985).

From the offer of proof it can be surmised that Mr. Murphy's testimony concerning the decedent's handwriting and the fact that she signed a paper acknowledging that she wanted Mr. Murphy to represent her and that she owed him money for his legal services would not have changed the result the trial court reached. The court allowed appellants' claim, finding that appellants were entitled to a reasonable fee for the legal services. The offer of proof, even if admissible, merely indicated that the decedent acknowledged she owed Mr. Murphy for legal services. The court's award was greater than the sum acknowledged on the statement—$1,244.50. Therefore, the result was not altered by the exclusion of the evidence.

■■■ The trial court's ruling excluding Mr. Murphy's testimony was proper because the testimony was barred by the deadman's statute. An extended discus-

sion of the deadman's statute is not warranted because of the legislature's recent abrogation of this statute effective September 28, 1985. Section 491.010 RSMo.Supp. 1985. Point four is also not well taken.

The judgment is affirmed in part and reversed in part for the calculation of prejudgment interest due.

CARL R. GAERTNER, P.J., and SMITH, J., concur.