**Jack K. HEILBRON, et al.,
Respondents,**

v.

**ARC ENERGY CORPORATION,
formerly Colburn Energy, et al.,
Appellants.**

**WD 40351.**

Missouri Court of Appeals,
Western District.

Sept. 13, 1988.

Thomas V. Bender, Linde Thomson Langworthy Kohn & Van Dyke, Kansas City, for respondents.

Before COVINGTON, J., Presiding, and NUGENT and GAITAN, JJ.

COVINGTON, Judge.

This is an appeal from a summary judgment granted purchasers of unregistered securities for violation of the Missouri Uniform Securities Act by sellers. Appellant Charles E. Colburn, III, challenges the finding of his individual liability, and all appellants complain of the trial court's alleged failure to detail the basis for the court's award of attorney's fees. The judgment is affirmed.

Plaintiffs Jack K. Heilborn and Robert Thompson are general partners of T/H Investors, a Missouri General Partnership. Defendant ARC Energy Corporation, formerly doing business as Colburn Energy Corporation, acted as a general partner in connection with the formation of defendant Colburn Energy Southwest 1984 Limited Partnership. Defendant Charles E. Colburn, III, was the president of the general partnership. Mr. Colburn, ARC Energy Corporation, and the limited partnership were all named defendants in the present lawsuit. Mr. Heilbron and Mr. Thompson purchased an interest in the limited partnership. The interest was subject to the registration requirements of § 409.301, RSMo 1986. The defendants did not register the security.

Heilbron and Thompson filed suit for rescission of their investment agreement together with interest, reasonable attorney's fees and costs under § 409.411, RSMo 1986.[1] On September 28, 1987, the trial court granted partial summary judgment in favor of the plaintiffs and rescinded the purchase of the interest purchased by the plaintiffs. Thereafter, plaintiffs filed a motion for summary judgment on the issue of damages pursuant to § 409.411(a). On January 25, 1988, the trial court awarded damages, attorney's fees and costs.

Major W. Park, Gage & Tucker, Kansas City, for appellants.

---

1. All statutory references are to RSMo, 1986, unless otherwise noted.

## I

Respondent Charles E. Colburn, III, alleges trial court error in imposing personal liability upon him. He asserts that there is no evidence regarding a piercing of the corporate veil of the corporation which served as general partner of the limited partnership and no allegations or proof that Colburn acted in a capacity other than as a corporate officer.

The corporate veil need not be pierced. Mr. Colburn's liability arises from § 409.411(b), which provides:

Every person who directly or indirectly controls a seller liable under subsection (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every broker-dealer or agent who materially aids in the sale is also liable jointly and severally with and to the same extent as the seller, unless the nonseller who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

Plaintiffs' petition named as a defendant Colburn Energy Corporation, which later became ARC Energy Corporation, and alleged that Charles E. Colburn, III, was president of the corporation. It is the corporation which acted as general partner of Colburn Energy Southwest 1984 Limited Partnership. Mr. Colburn never denied that he was president of ARC Energy Corporation or its predecessor, Colburn Energy Corporation. In his affidavit in support of plaintiffs' motion for summary judgment, Robert Thompson included as an exhibit a copy of a letter from defendant Colburn Energy Corporation to T/H Investors which welcomed T/H into the limited partnership. The letter was signed "Charles E. Colburn, III, President." Mr. Colburn signed as president the Subscription Agreement which constituted the investment agreement. Mr. Colburn's affidavit did not refute the fact that he was president of Colburn Energy Corporation and its successor American Resources Corporation. Mr. Colburn placed no relevant facts in issue to show that he was not a person falling within those persons defined in § 409.411(b). Under § 409.411(b) Charles E. Colburn, III, president of the corporation which is the general partner of the seller, is liable jointly and severally with and to the same extent as the seller limited partnership.

Mr. Colburn argues in reply that inferences to be drawn from his affidavit indicate that he exercised reasonable care in conducting the affairs of his business and did not know of any requirement to register the securities for sale in Missouri, and that he should thereby be relieved of liability. Whether or not Mr. Colburn exercised reasonable care in conducting the affairs of his business is not relevant under § 409.411(b). The statute would exempt him from liability only if he could prove that, in the exercise of reasonable care, he could not have known of the existence of the facts which have given rise to his liability. Mr. Colburn does not even so allege.

## II

All appellants allege trial court error in failing to analyze in sufficient detail the reasonableness of the award of attorney's fees. The appellants have not raised the question of the propriety of entering summary judgment on the issue of the amount of attorney's fees. They do complain that the court merely recited and did not analyze the factors required by Rule 1.5(a) to be considered in awarding attorney's fees and complain that the court rendered a decision on attorney's fees while the appellants' request to discover support for the claim for fees was pending.

Section 409.411(a) authorizes an award of reasonable attorney's fees. A trial court is deemed an expert on the subject of an attorney's fee, and needs no evidence or other opinion as to the value of the services of an attorney. *General Elec. Credit Corp. v. Stover*, 708 S.W.2d 355, 363 (Mo. App.1986). A trial court knows the nature

of the work the presentation of the cause entails, the issues, the quality of the professional labor, the expenditure of time, and, thus, its value assessed according to custom, place and circumstances. The trial court, therefore, may set the value of the attorney's fee without evidence. *Id.* The award of attorney's fees will stand unless there is a manifest abuse of discretion. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980).

Appellants contend that the trial court is obliged to set forth clearly the reasons for its conclusions, but appellants cite no authority for that proposition. To the contrary, the trial court is not required to make specific findings of fact and conclusions of law in the absence of a request therefor. Rule 73.01(a)(2); § 510.310.2, RSMo 1986; *Showe–Time Video Rentals, Inc. v. Douglas*, 727 S.W.2d 426, 428 (Mo. App.1987).

Appellants complain that they should have been permitted to complete discovery of what evidence, if any, supported the plaintiffs' request for attorney's fees. The legal file reflects that appellants sought only to discover time charges of T/H's counsel. The time taken to perform services is only one element to consider in the award of attorney's fees and "is ordinarily of minor importance." *Scott v. Home Mut. Tel. Co.*, 510 S.W.2d 793, 795 (Mo.App. 1974).

■ There was a sufficient basis upon which the trial court could rule with respect to attorney's fees. There was activity in the case related to motions and briefing in connection with jurisdiction, liability, and damages which would have permitted the trial court to make a determination as to the nature and extent of the work performed by counsel. It is notable that the request for attorney's fees was in the amount of $22,500; however, the trial court allowed only $12,500. The record does not reflect that the trial court abused its discretion in fixing an award for attorney's fees.

The judgment is affirmed.

Respondents' motions for frivolous appeal and attorney's fees have been taken up and are denied.

All concur.