**FEDERAL INSURANCE COMPANY,**
**Appellee,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY/ST. PAUL MERCURY INSURANCE COMPANY, Appellant.**

**No. 92–1366.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1992.

Decided Feb. 16, 1993.

Robert A. Horn, Kansas City, MO, argued (Llarry L. McMullen & Sally B. Surridge, on brief), for appellant.

Thomas B. Alleman, Dallas, TX, argued, for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

St. Paul Fire and Marine Insurance Company/St. Paul Mercury Insurance Company (St. Paul) appeals the district court's sum-

mary judgment order requiring St. Paul to pay Federal Insurance Company (Federal) for the defense costs incurred by Federal in defending American Angus Association (Angus) in a defamation and antitrust lawsuit. We affirm.

When the alleged defamation and antitrust violation occurred, Angus held liability insurance policies from both St. Paul and Federal. St. Paul's policy insured Angus against defamation liability, and Federal's policy insured Angus against defamation and antitrust liability. Both policies required the insurer to defend any lawsuit brought against Angus for damages covered under the insurance policy. Although St. Paul's policy provided St. Paul would pay for all the costs of defending a lawsuit even if Angus had other excess insurance, Federal's policy limited its liability with an excess "other insurance" clause that stated: "If any Loss arising from any claim made against the Insured is insured under any other valid policy ... this policy shall cover such Loss ... only to the extent that the amount of such Loss is in excess of the amount of such other insurance...." Federal's policy included defense costs in its definition of Loss.

When notified of Angus's lawsuit, St. Paul denied coverage under its policy. Federal defended Angus and filed this diversity action against St. Paul seeking recovery for the cost of defending Angus. Analyzing the case under Missouri law, the district court concluded St. Paul was liable to Federal for all the defense costs plus prejudgment interest accruing from the dates the bills for legal services and expenses were submitted for payment. We review St. Paul's appeal de novo. *Salve Regina College v. Russell,* — U.S. —, —, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

St. Paul contends Federal should pay for part of the defense costs because St. Paul's policy only insured Angus against defamation liability. We disagree. The insurance policies' contractual language controls the insurers' liability for defense costs. *See Crown Ctr. Redevelopment Corp. v. Occidental Fire & Casualty Co.,* 716 S.W.2d 348, 365 (Mo.Ct.App.1986). St. Paul's policy obligated St. Paul to pay for the entire cost of defending Angus's lawsuit even though the antitrust claim was outside the policy's liability coverage and Angus had other excess insurance. *See Harold S. Schwartz & Assocs., Inc. v. Continental Casualty Co.,* 705 S.W.2d 494, 497 (Mo.Ct.App.1985) (duty to defend entire lawsuit). Federal's policy, however, only required Federal to pay for the defense costs that exceeded what St. Paul's policy would pay. Because St. Paul's policy covered all the defense costs, there was no excess amount for Federal to pay. *Cf. M.F.A. Mut. Ins. Co. v. American Family Mut. Ins. Co.,* 654 S.W.2d 230, 235 (Mo.Ct. App.1983) (excess insurer owes nothing when primary policy's liability limits are not exceeded); *Empire Ins. Co. v. Farm Bureau Town & Country Ins. Co.,* 633 S.W.2d 215, 217 (Mo.Ct.App.1982) (same).

St. Paul also contends the district court improperly awarded and calculated prejudgment interest on Federal's award for defense costs. Again, we disagree. Missouri law requires prejudgment interest on awards for legal services and expenses when, as in this case, the only contested issue is liability. *See Catron v. Columbia Mut. Ins. Co.,* 723 S.W.2d 5, 7 (Mo.1987) (en banc); *Whalen, Murphy, Reid, Danis, Garvin & Tobben v. Estate of Roberts,* 711 S.W.2d 587, 590 (Mo.Ct.App.1986). Missouri law also requires courts to calculate prejudgment interest from the dates the bills for legal services and expenses were submitted for payment. *See Whalen,* 711 S.W.2d at 590. Thus, we conclude the district court properly awarded and calculated prejudgment interest on Federal's award for defense costs.

Accordingly, we affirm.