

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| WINGHAVEN RESIDENTIAL OWNERS ASSOCIATION, INC., | ) ) ) | No. ED101499 |
| Appellant, | ) ) | Appeal from the Circuit Court of St. Charles County |
| vs. | ) ) | Honorable Norman C. Steimel III |
| PAUL BRIDGES, and PENNY BRIDGES, | ) ) ) | |
| Respondents. | ) | FILED: March 10, 2015 |

Introduction

Appellant WingHaven Residential Owners' Association ("the Association") appeals from the judgment of the trial court entered in favor of the Association and against Respondents Paul Bridges and Penny Bridges ("Respondents"). The Association alleges that the trial court erred in awarding only $500 in attorneys' fees because the Association presented substantial and uncontradicted evidence that it incurred $4,699.50 in reasonable attorneys' fees, and the trial court offered no explanation as to the reduced award.[1] Because the Association has failed to establish that the award was a clear abuse of trial court discretion, we affirm.

---

[1] The Association also filed a motion for reasonable attorneys' fees incurred on appeal, which was taken with the case. That motion is denied.

Factual and Procedural Background

WingHaven is a mixed-use development in St. Charles County. The Association is a nonprofit corporation comprised of all owners of real property located within WingHaven and subject to the Declaration of Covenants, Conditions, and Restrictions for WingHaven Residential Property ("Declaration"). The Association is responsible for owning, operating, and maintaining common areas in WingHaven as well as administering and enforcing the Declaration. Pursuant to the Declaration, the Association is authorized to levy assessments against WingHaven lot owners, to bring actions to enforce collection of the assessments, and to collect reasonable attorneys' fees and costs incurred in the enforcement thereof from delinquent lot owners.

Respondents are owners of a lot located in WingHaven and subject to the Declaration. On August 15, 2013, the Association brought suit against Respondents for breach of contract alleging that Respondents failed to pay the 2013 annual assessment. The petition included a request for post-judgment attorneys' fees from a previous case brought against Respondents in 2012 in addition to a request for attorney's fees already incurred in this case and any fees required for collecting or defending the judgment.

The matter was heard in a bench trial on April 1, 2014. After presenting testimony on the merits of the case, the Association's attorney testified regarding his attorneys' fees as follows:

> For the record, my name is Todd Billy. I'm an associate attorney at the Law Office of Marvin Nodiff. I represent the Association regarding this matter for almost the entire two years that this case has been going on. We actually have -- We're requesting attorney fees -- actually post-judgment attorney's fees from the prior 2012 case. In that case, we incurred post-judgment attorney fees of $413.12, to include two garnishments, transcripts of judgment, a balance due letter, which was previously testified, and the satisfaction of the judgment. . . . And since that satisfaction of judgment and this case, for clarity, we have spent just shy of 25 hours, 24.95 hours on this matter, approximately 2 hours a month for a total of $4,699.50, including anticipated time for trial, Your Honor.
> . . .
> So in terms of the -- And I'll give you the totals here. In terms of hours billed for this case, as well as post-judgment, that total is $5,112.62. . . . Our rates in 2013 were $200

2

per hour for each associate, $110 for each – for the collection manager, $100 per hour for our law clerk. When possible, we try to use the lowest paid staff person. In 2014, the associate attorneys for collection cases is $225. Collection manager is $120, as well as the law clerk. Same as, when possible, we try to use the lowest paid staff person. And our effective bill rate is just under $190 per hour.

The Association also submitted billing records from the Law Office of Marvin J. Nodiff, P.C., detailing the time spent on various tasks related to this case. Respondents did not dispute the Association's evidence regarding attorneys' fees or present any evidence to the contrary.

The trial court entered its judgment and order on April 1, 2014, awarding the Association $1,022.35 for the unpaid assessment plus late fees and interest and $500 in attorneys' fees. The Association timely filed a motion for reconsideration of the attorneys' fees awarded. The motion was denied by the trial court on April 29, 2014. This appeal follows.

Points on Appeal

In its first point on appeal, the Association contends that the trial court abused its discretion in determining the amount of attorneys' fees awarded in that the trial court failed to consider the requisite factors in making an award of reasonable attorneys' fees. In its second point on appeal, the Association asserts that the trial court abused its discretion in determining the amount of attorneys' fees awarded because the trial court's award is significantly different than the amount requested.

Discussion

If a contract provides for the payment of attorneys' fees and expenses incurred in the enforcement of a contract provision, the trial court must comply with the terms of the contract and award them to the prevailing party. Clean Unif. Co. St. Louis v. Magic Touch Cleaning, Inc., 300 S.W.3d 602, 612 (Mo. App. E.D. 2009). However, the determination of the amount of attorneys' fees is within the sound discretion of the trial court. Id. This determination will not be disturbed on appeal unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate

3

indifference and a lack of proper judicial consideration. <u>Realty Res., Inc. v. True Docugraphics, Inc.</u>, 312 S.W.3d 393, 400-01 (Mo. App. E.D. 2010).

In reviewing the amount of an award of attorneys' fees, the trial court is considered an expert on the necessity, reasonableness, and the value of attorneys' fees. <u>Major Saver Holdings, Inc. v. Educ. Funding Grp., LLC</u>, 350 S.W.3d 498, 509 (Mo. App. W.D. 2011). Factors the trial court may consider include:

> 1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; 2) the number of hours reasonably expended on the litigation; 3) the nature and character of the services rendered; 4) the degree of professional ability required; 5) the nature and importance of the subject matter; 6) the amount involved or the result obtained; and 7) the vigor of the opposition.

<u>Williams v. Trans States Airlines, Inc.</u>, 281 S.W.3d 854, 878 (Mo. App. E.D. 2009). In the absence of a contrary showing, the trial court is presumed to know the character of the attorney's services rendered in duration, zeal, and ability. <u>Williams</u>, 281 S.W.3d at 877.

Given the record before us, we are unwilling to hold that the trial court abused its discretion in awarding the Association $500 in attorneys' fees. The Association assumes that because the amount of attorney's fees awarded was significantly less than the Association's request, the trial court did not properly consider the evidence in light of the factors referenced above. We note that a significant difference between the amount of attorneys' fees awarded and the amount requested does not, standing alone, establish an abuse of discretion. The trial court "is not bound either by the number of hours performed . . . or the hourly charge." <u>McIntosh v. McIntosh</u>, 41 S.W.3d 60, 72 (Mo. App. W.D. 2001). In fact, as an expert on the question of attorneys' fees, the trial court does not require any evidence or other opinion as to their value. <u>Architectural Res., Inc. v. Rakey</u>, 912 S.W.2d 676, 681 (Mo. App. S.D. 1995).

4

Nor is the trial court required to explain its reasons for the award of attorneys' fees as the Association suggests. Heilbron v. ARC Energy Corp., 757 S.W.2d 294, 297 (Mo. App. W.D. 1988) (rejecting Appellant's claim that the trial court is obliged to set forth reasons supporting its award of attorneys' fees). When, as in this case, the trial court makes no specific findings of fact, this Court will consider all fact issues to have been found in accordance with the result reached. Rule 73.01(d).

We recognize the challenge presented to the parties and this Court on appeal when the trial court's judgment lacks any explanation as to the amount of fees awarded. Despite this challenge, to merit reversal of the trial court's award, the burden is on the Association to establish that the award was a clear or manifest abuse of sound judicial discretion. Nelson v. Hotchkiss, 601 S.W.2d 14, 21 (Mo. banc 1980). The Association has not met that burden.[2]

Conclusion

Finding no abuse of discretion, we affirm the judgment of the trial court.

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

---

[2] On appeal, the Association suggests that the trial court's award of attorneys' fees was impermissibly calculated on a percentage basis of recovery and that the trial court did not exercise its duty to award attorneys' fees based upon the factors discussed in Williams. The Association did not raise this issue with the trial court when it filed its Motion for Reconsideration asking the trial court to reconsider the amount of attorneys' fees awarded under the Judgment dated April 1, 2014. The trial court was not given an opportunity to address this precise concern now raised for the first time on appeal, and we would be engaging in rank speculation to suggest the trial court's award was based upon factors other than those set forth in Williams.